MARION F. EDWARDS, Judge.
lijThis protracted domestic matter involves two appeals, an answer to an appeal, and an application for supervisory writs. All matters have been consolidated for consideration in this opinion.[1]
Pamela and David Short were married on September 7, 1997. Three children were born of the marriage. On February 1, 2006, Pamela Short filed a petition for separation and injunctive relief in which she asserted the parties were married by covenant marriage and that David Short was guilty of cruel treatment of such a nature as to render their living together insupportable in breach of the covenant marriage contract.
Mr. Short filed exceptions of no cause of action and prematurity, arguing that the requirements were not met for contracting a covenant marriage and, therefore, a petition for separation is not permitted under the law. Mr. Short argues that there is no documentation supporting the allegation that the parties entered into a covenant marriage or, in the alternative, that they obtained counseling prior to the filing of the petition as required by La. R.S. 9:307(B). Both exceptions were [^denied by the trial court after a hearing and recommendation by the hearing officer. The trial court set child support at $1,800 per month.
In a separate action, Mr. Short filed a petition for divorce in accordance with La. C.C. art. 102 on May 19, 2006. In that petition, he denied Ms. Short’s claim that a covenant marriage was contracted by the parties. Ms. Short filed an exception of no cause of action, arguing that the parties have a covenant marriage and that Mr. Short’s exceptions to her petition for separation in the prior action were denied. The two matters were consolidated on July 13, 2006.
On December 18, 2006, David Short filed a second petition for divorce asserting the parties did not enter into a covenant marriage and asserting that Ms. Short was engaging in an adulterous relationship. In the alternative, Mr. Short prays for a divorce pursuant to La. R.S. 9:307(A)(1) if it is determined by the court that a covenant marriage exists between the parties.
Ms. Short filed exceptions of no cause of action and vagueness to that petition citing the two actions already pending. The trial *991 court denied both exceptions and ordered Ms. Short to answer the petition for divorce within fifteen days. Ms. Short complied with that order, and the matter was joined.
After that, the parties conducted lengthy and acrimonious proceedings involving support, visitation, discovery, and property distribution issues, the details of which are not pertinent to this discussion.
On March 18, 2008, several matters were taken up and decided by the trial court. In a judgment rendered in open court on that day, but signed on July 7, 2008, the trial court found that the parties did not enter into a covenant marriage. The amount of child support was increased to $2,117.82 per month. The court also found that Mr. Short was responsible for 94 percent of the children’s tuition costs in accordance with the provisions of La. R.S. 9:315.6(1). However, based on the 14failure of Ms. Short to notify Mr. Short of the enrollment of the children in Kehoe-France school on the North Shore in advance, the obligation for the children’s tu-itions and other expenses were limited to Mr. Short’s proportionate share of the tuition of St. Christopher School in Metairie for the 2007-08 school year. Ms. Short was found in contempt for failing to notify Mr. Short that she moved to the North Shore and enrolled the children in a new school, but sanctions were not imposed. Mr. Short was not found in contempt for alienation of community funds. Further, the parties were ordered to consult with a professional to help develop co-parenting and communication skills.
Ms. Short filed a motion for new trial on the issue of the validity of the covenant marriage but that motion was denied, and no appeal was taken from that ruling.
Ultimately, on March 27, 2008, the trial court rendered a judgment of divorce pursuant to La. C.C. art. 103(2) based on testimony from Ms. Short that, in August 2007, she and her three children had moved in with Randy Menendez with whom she has a sexual relationship. No appeal was taken from that judgment. After the judgment of divorce, the parties continued the proceedings as to child support and visitation issues and discovery as to expenditure of community funds.
On April 17, 2008, Ms. Short filed a “Rule for Contempt to Accumulate Arrears, for Income Assignment Order, and to Allocate Tax Dependency Exemptions.” Ms. Short asserts that Mr. Short is in arrears on his obligations as to child support and the payment of his proportionate share of tuition expenses as ordered by the court. Mr. Short filed an exception of vagueness to that motion.
On May 7, 2008, Mr. Short filed a “Rule for Contempt, Attorney’s Fees and Costs and to Decrease Child Support,” alleging that the Ms. Short failed to advise him of their child’s First Communion activities in violation of the stipulated | r,agreement between the parties to co-parent the children. Further, Mr. Short asserts that Ms. Short leased a home once owned by the community, but, by agreement of the parties, was transferred to the sole ownership of Ms. Short. Mr. Short alleges that income constitutes a change in circumstance sufficient to support a reduction in child support. Ms. Short filed exceptions of no cause of action, vagueness and prematurity in response to that motion, in which she also asked for sanctions.
On July 7, 2008,[2] the trial court ruled that Ms. Short was entitled to interim spousal support from April 15, 2006 until the date the divorce decree was rendered. *992 However, the trial court did not set an amount due for interim spousal support. Mr. Short filed an application for supervisory writs in this Court seeking review of that judgment. We denied the writ application on August 15, 2008.[3]
Mr. Short filed a motion for partial new trial on the issue of private school expenses. That issue was heard and decided on August 4, 2008.[4] The trial court granted that motion in part and altered Mr. Short’s obligation to exclude the youngest child, who was not yet in Kindergarten. All other motions for new trial were denied. Mr. Short moved for and was granted an appeal from that judgment.
The proceedings continued in the trial court and, on January 6, 2009, the trial court rendered a judgment ordering Mr. Short to pay $2,540 per month in interim spousal support from April 15, 2006 through August 2007 and, thereafter, $1,270 per month from September 1, 2007 through March 27, 2008 for a total of $50,800. In that same judgment, the amount due was made executory. Also in that judgment, the trial court made amounts of $5,713.32 in tuition for the school year 2007-08 and $6,288.60 for 2008-09 due and executory. Mr. Short moved for a new trial on that judgment.
IfiOn February 19, 2009, Ms. Short filed for a Qualified Domestic Relations Order (“QDRO”) to get funds from Mr. Short’s retirement plan pursuant to the January 6, 2008 judgment. The trial court signed the order for the QDRO on February 19, 2009. On February 27, 2009, Mr. Short filed an ex parte motion to rescind or stay the execution of the QDRO. On May 20, 2009, the trial court heard several matters including the ex paHe motion to rescind the QDRO and the motion for new trial on the order to pay interim spousal support and making that amount executory. Both motions were denied in a judgment signed on May 29, 2009.
Mr. Short filed an application for supervisory writs from that ruling in this Court on June 4, 2009, seeking a stay order to prevent Ms. Short from using the QDRO to take funds out of Mr. Short’s retirement funds. This Court ordered a stay on the execution of the QDRO and, subsequently, consolidated the writ application with the appeal in this matter for a full consideration of the issues.[5] Mr. Short has also filed an appeal from the May 29, 2009 judgment.
Thus, Mr. Short has filed appeals from the November 3, 2008 judgment of the trial court ordering him to pay his pro-rata share of tuition for the two older children capped at the costs for St. Christopher School, and the May 29, 2009 judgment denying his motion to rescind the QDRO and denying his motion for new trial on the order setting interim spousal support and making that amount executory. Mr. Short has also filed an application for writs, which also seeks review of the May 29, 2009 judgment.
Ms. Short has filed no appeals in this Court. However, she has answered the appeal challenging the ruling on March 18, 2008 finding the parties did not enter into a valid covenant marriage pursuant to La. R.S. 9:272 et seq. and limiting Mr. Short’s obligation for tuition to the tuition paid in prior years due to Ms. Short’s 17failure to consult with or notify him of the enrollment of the children in Kehoe-France school on the North Shore. Ms. Short *993 further challenges the November 3, 2008 judgment eliminating the father’s obligation to pay tuition and related expenses for the youngest child.
Additionally, Mr. Short has filed exceptions of no cause of action and prescription to Ms. Short’s request for interim spousal support.

LAW AND ANALYSIS

The only two judgments on appeal are the November 3, 2008 decision regarding the tuition obligation due and the May 29, 2009 decision denying Mr. Short’s motion to rescind the QDRO and upholding the interim spousal support. Those appeals are consolidated with the writ application that also presents issues relating to the QDRO at issue.

COVENANT MARRIAGE

Given that restriction on our jurisdiction and the focus of our review, we find that any issues relating to the validity of the covenant marriage presented by Ms. Short’s answer to the appeal are not before this Court and will not be considered in this opinion. The divorce judgment was rendered by the trial court on March 27, 2008 pursuant to La. C.C. art. 103(2) based on Ms. Short’s adultery. No appeal was taken from that judgment. Further, no appeal was taken from the March 18, 2008 judgment finding that there was no valid covenant marriage. Therefore, that ruling is final, and the issue of whether the parties contracted a valid covenant marriage is not before this Court and cannot be considered. Accordingly, we find Mr. Short’s exception to prescription on this issue moot.

INTERIM SPOUSAL SUPPORT

Regarding the interim spousal support, Mr. Short argues that Ms. Short is not entitled to interim spousal support because the parties did not have a covenant | ^marriage. In the alternative, Mr. Short argues that the amount set by the trial court is excessive in view of the facts that Ms. Short is cohabitating with her boyfriend, and Mr. Short was denied the opportunity to present any evidence before the trial court set the amount of the award. Further, Mr. Short argues the trial court erred in making the amount of interim spousal support executory in the same judgment setting the award. Finally, Mr. Short argues the trial court erred in signing the amended QDRO without conducting a contradictory hearing.
In support of the no cause of action on this issue, Mr. Short argues that Ms. Short only made a claim for interim spousal support in her original petition for separation. She made no other judicial demands in either of the divorce proceedings filed by Mr. Short, including the petition for divorce based on adultery, which was originally granted. It is also argued that the trial court determined that there was no valid covenant marriage existing between the parties and that ruling is now final. In conclusion, Mr. Short argues that Ms. Short has not stated a cause of action for interim spousal support and has filed an exception of no cause of action in this Court.
In response, Ms. Short argues that the marriage was a valid covenant marriage, and she is entitled to interim spousal support from the date of the filing of that petition.
While we agree that the issue of covenant marriage has been settled and is final, we do not agree that Ms. Short has no cause of action for interim spousal support. We find Ms. Short’s demand for interim spousal support in her original action for separation, which was consolidated with the divorce action, and her rule for support filed in the consolidated record on August 21, 2007, stated a valid cause of action and *994 put the matter at issue before the trial court. Accordingly, we | ¡¡deny Mr. Short’s exception of no cause of action for interim spousal support filed in this Court.
In a proceeding for divorce, the court may award an interim periodic support allowance to a spouse based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage.[6] A spouse’s right to claim interim periodic support is grounded in the statutorily imposed duty on spouses to support each other during marriage and, thus, provides for the spouse who does not have sufficient income for his or her maintenance during the period of separation.[7] As this Court explained:
Interim spousal support is designed to assist the claimant in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce.... The purpose of interim spousal support is to maintain the status quo without unnecessary economic dislocation until a final determination of support can be made and until a period of time for adjustment elapses that does not exceed, as a general rule, 180 days after the judgment of divorce.... The court may award an interim spousal support allowance to a spouse based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage. ...[8]
The spouse seeking interim spousal support bears the burden of proving his or her entitlement to such.[9] We recognize the vast discretion afforded a trial judge in such an award; however, upon review of the record in this matter, we find the trial court abused its discretion in the award of interim spousal support.
The record shows there was a hearing on July 7, 2008 at which several issues, including interim spousal support were taken up. At that hearing, both Mr. and Ms. Short testified. The testimony shows that Mr. Short moved out of the family home in April 2006, and Ms. Short moved out in June 2006. Documents |, introduced into evidence at that time include bank statements and bills. Also at that hearing, Ms. Short introduced a copy of an account of income and expenses given to the hearing officer for consideration prior to the hearing in the trial court. It appears from the record that no recommendation for interim was made by the hearing officer at that time. At the hearing in the trial court, Ms. Short stipulated the document correctly represents her income and expenses. The document shows that her income is $2,300 per month and her expenses are $4,675. Although it is not clear from the documents, Ms. Short stipulated the time frame on these figures was about September or October of 2007. Mr. Short objected to an award of interim spousal support. Ultimately, the trial court ruled that Ms. Short was entitled to interim spousal support but did not set an amount. As previously set forth in this opinion, that ruling was reviewed by this Court on a writ application filed by Mr. Short; however, because no amount was set, we could not make a finding on whether the trial court had abused its discretion. We denied the application for writs point *995 ing out that Mr. Short had adequate remedy on appeal.
Subsequently, the matter went before a hearing officer on October 10, 2008. The hearing officer considered the financial documents and testimony of the parties and recommended that interim spousal support be set at $2,540 per month from April 15, 2006 to September 1, 2007, and $1,090 from September 1, 2007 to March 27, 2008. The reduction in payments resulted from a credit awarded to Mr. Short for mortgage payments made on the community home. Documents supporting the financial award, as well as the hearing officer’s calculations, are contained in the record.
Both parties objected to the recommendation. Ms. Short filed an objection to recommendations, arguing that interim spousal support should be maintained at $2,540 throughout the entire time, and it should not be reduced. Mr. Short argues In that Ms. Short is not entitled to any interim support after August, 2008 when she moved in with her boyfriend.
On October 29, 2008, the trial court took up several matters, including the recommendation on the issue of interim spousal support. After the hearing, the trial court ordered Mr. Short to pay interim spousal support to his ex-wife in the amount of $2,540 per month from August 15, 2006 through July 31, 2007 and, thereafter, the amount of $1,270 per month from August 1, 2007 through March 27, 2008. In the same judgment, the trial court made the total amount due executory.
The trial court is vested with much discretion in determining an award of interim spousal support, and such a determination ■will not be disturbed absent a clear abuse of discretion.[10] However, the award must be made after a consideration of the factors set forth in La. C.C. art. 113. One of those factors is the ability of the other party to pay. Mr. Short argues, and we agree, that the trial court failed to hold an adequate hearing before setting an amount for interim spousal support. Both parties should have been allowed to enter evidence into the record in support of their claims and objections to the hearing officer’s recommendation. An interim spousal support allowance to a spouse is based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage. To make factual findings on those factors, a full evidentiary hearing must be conducted.
We do not agree with Mr. Short’s argument that Ms. Short is not entitled to interim spousal support as of August 2008. La. C.C. art. 115 provides that the obligation of spousal support is extinguished upon a judicial determination that the obli-gee has cohabited with another person of either sex in the manner of married 112persons. On March 18, 2008, the trial court made a judicial determination sufficient to grant a divorce to Mr. Short on the basis that Ms. Short and Mr. Menen-dez had been cohabitating in an adulterous relationship. At the hearing on the divorce petition, Ms. Short testified that she and her three children have lived with Randy Menendez in his home in Covington since August 2007. She stated that she has a sexual relationship with Mr. Menen-dez and sleeps in the same bed.
We find the judicial determination of the adulterous cohabitation sufficient to extinguish the obligation of interim spousal support was made in the March 2008 divorce judgment. Therefore, we find the trial court correctly ended interim spousal *996 support at that time in accordance with La. C.C. art. 115.
For these reasons, vacate the award on interim spousal support and remand the matter for a full evidentiary hearing on Ms. Short’s needs and Mr. Short’s ability to pay for the period of separation April 15, 2006 to the extinguishment of the obligation on March 27, 2008.

TUITION

The second judgment that is before us for review is a judgment of the trial court ordering Mr. Short to pay a proportionate share of tuition for the two oldest children, restricted to the amount of tuition required for St. Christopher School.
At the hearing on the matter of tuition, Ms. Short testified that she moved to the North Shore in August 2007 and enrolled her children in Kehoe-France. She made that decision because she was now a single mother and could no longer home school her children. Kehoe-France provided a good educational choice for her three children that included advanced academics, swimming lessons, and horse-back riding. On cross-examination, Ms. Short admitted she lives with Mr. Menendez, the man named in the divorce petition as her paramour. She further admitted that she did not inform Mr. Short of her intention to enroll the children in 113Kehoe-France and that she was aware of the co-parenting agreement she signed. The cost per year for the three children is about $15,000 to $18,000.
Mr. Short also testified at the hearing. He stated that he has no say in the academic or medical decisions concerning his children. He testified that he investigated St. Christopher School, which is located near the River Ridge home in which his children were living with their mother. In August 2007, he thought Ms. Short and his children were still living there. He admitted that there was no opening at St. Christopher at the time. However, he stated that he was going to investigate other options. At the time, Ms. Short was home schooling the children, and he was not aware of her decision to stop that practice. He knew nothing about Ms. Short’s decision to discontinue the home schooling and enroll the children in Kehoe-France on the North Shore. Mr. Short objected to this decision and stated that the tuition is beyond his means.
The record shows that Ms. Short filed a rule to increase child support on August 21, 2007 in which she uses the tuition as a ground for the increase. However, it is also clear that the children were already enrolled in the school, and there is nothing to dispute the testimony that Mr. Short was not consulted before that and knew nothing of the intention to enroll the children in the expensive private school.
A trial court may award child support for expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child.[11] We have considered the change in this statute recently in State Dep’t of Social Services ex rel. K.L. v. Lesky.[12] In that case we explained:
114This statute was amended in 2001, removing the language requiring that a “particular educational need” to attend the special or private school be shown. The statute, as amended, is less restrictive to encompass generally “the needs of the child.” This broader intent is illustrated by the comments to LSA-R.S. 9:315.6, which provide in pertinent *997 part: “The needs of the child met by the special or private school need not be particular educational needs, but may include such needs of the child as the need for stability or continuity in the child’s educational program.” Comments to LSA-R.S. 9:315.6.... [13]
A trial court’s determination of whether to include private school tuition in a basic child support obligation will not be disturbed absent an abuse of discretion. While we acknowledge the trial court’s right to award tuition expenses, we believe that decision must be based on consideration of the best interest of the children.
At the end of the hearing, the trial court attempted a compromise between two parties who either cannot or will not communicate even when it relates to the well-being of their children. While we commend the trial judge’s patience and endurance, and fully understand his desire to find some hope of settlement of the numerous issues still outstanding between these parties, we must find an abuse of discretion in the ruling ordering Mr. Short to pay his proportionate share of tuition at Kehoe-France using the tuition at St. Christopher School as a base. Accordingly, we vacate that judgment and remand the matter to the trial court for a finding on tuition that is consistent with the above-cited law.

QUALIFIED DOMESTIC RELATIONS ORDER

As stated in the beginning of this opinion, there is an application for supervisory writs filed by Ms. Short seeking to rescind the execution of the QDRO. Because we have vacated the judgments upon which the QDRO was based, we hereby grant that writ and rescind the QDRO.
In conclusion, we reverse that portion of the May 29, 2009 judgment of the trial court insofar as it awards interim spousal support and makes that amount | ^executory. We remand the matter for a hearing on interim spousal support in accordance with this opinion. We also reverse that portion of the judgment that denied the motion to rescind the QDRO. In all other respects, the judgment is affirmed.
We reverse the trial court’s judgment of November 3, 2008 denying the new trial and ordering Mr. Short to pay his pro-rata portion of tuition for the two oldest children, capped at the cost of tuition at St. Christopher School. We remand this matter for a hearing on the school tuition issue in accordance with applicable law as set forth in this opinion.
Finally, we grant Mr. Short’s writ and rescind the QDRO.

JUDGMENT OF MAY 29, 2009 REVERSED IN PART; AFFIRMED IN PART AND REMANDED; JUDGMENT OF NOVEMBER 3, 2008 REVERSED AND REMANDED; REMANDED; WRIT GRANTED; EXCEPTIONS OF NO CAUSE OF ACTION AND PRESCRIPTIONS DENIED.

WICKER, J. Concurs with Reasons.

. Short v. Short, 09-CA-639, 09-CA-640, 09-C-416.

. That ruling was not reduced to written judgment and signed until July 28, 2008.

. Short v. Short, 08-C-637.

. That ruling was reduced to writing and signed on November 3, 2008.

.Order of this Court on June 4, 2009 in Short v. Short, 09-C-416.

. La. C.C. arts. Ill, 113.

. La. C.C. art. 98; Hall v. Hall, 08-706 (La.App. 5 Cir. 2/10/09), 4 So.3d 254, writ denied, 09-0812 (La.5/29/09), 9 So.3d 166.

. Hall v. Hall, 4 So.3d at 257 (citations omitted).

. Saacks v. Saacks, 05-365 (La.App. 5 Cir. 9/26/06), 942 So.2d 1130.

. Hall v. Hall, supra.

. La. R.S. 9:315.6(1).

. 07-599 (La.App. 5 Cir. 12/27/07), 975 So.2d 657.

. State Dep’t of Social Services, ex rel. K.L. v. Lesley, 975 So.2d at 659 (citations omitted).