SUSAN M. CHEHARDY, Judge.
12This is an appeal by a divorced husband from a judgment awarding interim spousal support to his former wife. We affirm.
PROCEEDINGS BELOW
The suit has been much-litigated, having come before us previously on several writ applications and two prior appeals.[1] The current appeal arises following an eviden-tiary hearing held on remand pursuant to this Court’s order, following our ruling that vacated the district court’s award of interim spousal support. We held that the plaintiff, Pamela Marinovich Short, was entitled to interim spousal support from April 15, 2006 through March 27, 2008, but we remanded the matter for a full eviden-tiary hearing on Pamela Short’s needs and David Short’s ability to pay. Short v. Short, 09-639, p. 11 (La.App. 5 Cir. 3/23/10), 33 So.3d 988, 995, writ denied, 2010-1086 (La.9/3/10), 44 So.3d 688.
We note that since the previous appeal Pamela Short has reverted to her birth name, Pamela Marinovich, which is the name we shall use on this appeal.
| .¡The hearing on remand was held on July 14, 2011. On September 1, 2011, the district court rendered judgment that ordered David Short to pay Pamela Short (Marinovich) $44,968.71, plus legal interest for the period of April 15, 2006 through March 2008.
*555 The trial court issued written Reasons for Judgment, followed by Supplemental Reasons for Judgment on September 7, 2011. The court stated as follows in pertinent part:
Mr. Short contends that Ms. Short had additional sources of funds including personal injury settlements and loans from her family from which to pay her expenses and that the Court should consider the total monies available to Ms. Short. The Court finds that the amount of interim spousal support should not be reduced using the separate assets of Ms. Short. There is a statutory duty to support one another during the marriage. Interim spousal support which is imposed prior to termination of the marriage is based upon the duty of each spouse to support the other. Therefore, interim spousal support should not be reduced or offset by the separate property of either spouse.
Furthermore, the Court will not impute additional earnings to Ms. Short. Mr. Short claims that she had additional income and earning capacity, however, it was not shown by competent evidence that she actually earned more income.
Mr. Short also asserts that any award should be reduced by credits to which he is entitled. However, Mr. Short is entitled only to credits for amounts which were actually included on Ms. Short’s expense list. Credit or reimbursement for other claimed payments are more properly addressed in the community property partition and child support obligation. The Court finds that he is entitled to the following credits: $1,237.50 for the auto mortgage for eleven months; $1,418.94 for the auto insurance which amount was uncontested by the parties, and $314.85 for utilities payments.
Although Ms. Short submitted little supporting documentation, the Court finds that the amounts claimed were not unreasonable and therefore, will adopt them for use. Ms. Short had monthly expenses of $2,540.00. Her net monthly income was $500.00 ($2,300.00 per month l4less $1,800.00 child support). Interim spousal support should be set at $2,040.00 per month for twenty-three and one-half months (April 15, 2006 through March 2008) or $47,940.00 subject to a reduction for the above listed credits. Therefore, Ms. Short should be awarded $44,968.71 in interim spousal support for the relevant time period April 15, 2006 through March 2008.
In the Supplemental Reasons for Judgment the trial court stated, in pertinent part:
The purpose of interim spousal support is to maintain the claimant spouse in a standard of living comparable to that enjoyed by the parties during the marriage. In determining the amount of the award, the Court examined all of the statutory factors such as the means of Ms. Short, the lifestyle of the parties during the marriage as well as the ability of Mr. Short to pay. Upon consideration of the evidence, the Court finds that Mr. Short had $10,000.00 per month in income. Tax returns submitted into evidence indicated that he consistently made in excess of $100,000.00 per year during the years in question from his employment with IBM. In addition, Mr. Short also had income as a reserve officer with the Jefferson Parish Sheriffs Office. Even after taking into account federal and state taxes, insurance and retirement, the Court finds that Mr. Short had in excess of $6,000.00 per month net income. Therefore, Mr. Short had sufficient means to pay the determined amount of interim spousal support for the relevant time period.
*556 Ms. Short has proven sufficient needs. None of the expenses listed by Ms. Short was excessive. The amounts were reasonable and in line with the monthly expenditures and lifestyle maintained by the parties during the marriage.
Mr. Short seeks review.
ASSIGNMENTS OF ERROR
On appeal Mr. Short makes the following assignments of error:
1. The trial court erred in awarding Ms. Short an award of interim spousal support in the amount of $44,968.71, because Ms. Short failed to provide any financial documentation regarding her income, as required by La. R.S. 9:326.
2. The trial court erred in determining the amount of credit which Mr. Short was entitled to deduct pursuant to R.S. 9:821(D) from the interim spousal | ¡¡support award, because the court failed to consider all the factors enumerated in La. C.C. art. 113 in calculating the interim spousal support award. Thus, the trial court erroneously failed to give Mr. Short credit toward the interim spousal support obligation for payments made to or on behalf of the recipient, as provided in La. R.S. 9:321(D).
3. The trial court erred in awarding Ms. Short legal interest in a matter involving the establishment of an interim spousal support award.
LAW AND ANALYSIS
In a proceeding for divorce, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage. La. C.C. arts. Ill, 113. A spouse’s right to claim interim periodic support is grounded in the duty statutorily imposed on spouses to support each other during marriage and, thus, provides for the spouse who does not have sufficient income for his or her maintenance during the period of separation. Short v. Short, 09-639, p. 9 (La.App. 5 Cir. 3/23/10), 33 So.3d 988, 994, writ denied, 2010-1086 (La.9/3/10), 44 So.3d 688.
Interim spousal support is designed to assist the claimant in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce. Hall v. Hall, 08-706, p. 4 (La. App. 5 Cir. 2/10/09), 4 So.3d 254, 257, writ denied, 2009-0812 (La.5/29/09), 9 So.3d 166. The purpose of interim spousal support is to maintain the status quo without unnecessary economic dislocation- until a final determination of support can be made. Id. The court may award an interim spousal support allowance to a spouse based on the needs of that spouse, the ability of the other spouse to pay, and the standard of living of the spouses during the marriage. Id.
|fiThe trial court is vested with much discretion in determining awards of spousal support. Rodriguez v. Rodriguez, 02-0439, p. 9 (La.App. 4 Cir. 1/29/03), 839 So.2d 368, 374. Such determinations will not be disturbed absent a clear abuse of discretion. Id. As to interim spousal support specifically, “[a]n abuse of discretion will not be found if the record supports the trial court’s conclusions about the means of the payor spouse and his or her ability to pay.” Lambert v. Lambert, 06-2399, p. 10-11 (La.App. 1 Cir. 3/23/07), 960 So.2d 921, 928.
 Factual findings shall not be set aside absent manifest error. See Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). To substantiate reversal, the appellate court must find from the record that there is no reasonable factual basis for the finding of *557 the trial court and that the record establishes that the finding is clearly wrong or manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
A spouse demonstrates a need for interim spousal support if she demonstrates that she lacks sufficient income to maintain the style or standard of living that she enjoyed while residing with the other spouse during the marriage. Molony v. Harris, 2009-1529, p. 3 (La.App. 4 Cir. 10/14/10), 51 So.3d 752, 756. Interim spousal support is specifically designed to maintain the status quo during litigation; as such, the burden is on the claimant to prove her entitlement to such support. Molony, 2009-1529 at pp. 4, 51 So.3d at 756-757.
The trial court is vested with much discretion in determining an award of interim spousal support. Such a determination will not be disturbed absent a clear abuse of that discretion. Encompassed in the trial court’s discretion is the ability of the court to examine the spouses’ entire financial condition, which is not limited to income, but also includes any resource from which his or her needs can be supplied, including a spouse’s earning capacity. [Citations omitted.]
Hitchens v. Hitchens, 38,339, p. 3 (La.App. 2 Cir. 5/12/04), 873 So.2d 882, 884-885. La. R.S. 9:326 states, in pertinent part:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party’s most recent federal tax return. A copy of the statement and documentation shall be provided to the other party....
A. Documentation of need and income
Mr. Short argues that Ms. Marinovieh failed to prove her entitlement to interim spousal support because she failed to comply with the mandates of La. R.S. 9:326 regarding documentation of her income. Ms. Marinovieh relied on her income and expense form submitted on September 21, 2007, in connection with a session before the domestic hearing officer.
On the day of the remand hearing at issue here, she had supporting documents in court with her, but did not enter those into evidence. She relied to some extent on the documentation provided by Mr. Short to show the family expenses during the marriage prior to their separation.
The trial court determined that Ms. Marinovieh adequately established her need because none of the expenses she listed were excessive. The court stated, “The amounts were reasonable and in line with the monthly expenditures and lifestyle maintained by the parties during the marriage.”
Ms. Marinovieh stated she could not produce tax returns for the period after the couple separated because she did not earn enough income to be required to file returns in 2006 and 2007. She used the child support payments being made by Mr. Short, as well as loans from friends and family members and from two lawsuit settlements, to meet her expenses.
We find no merit to Mr. Short’s assertion that Ms. Marinovieh was required to return to work after their separation. She testified she had worked part-time as a [ 8nurse up until Hurricane Katrina, which was in late August 2005. After Katrina, however, she stopped working as a nurse and became a full-time mother *558 until approximately September 2007, when she began working at St. Tammany Parish Hospital. Thus, at the time of the parties’ separation she was not employed as a nurse and had not been so employed for several months. There is no evidence that her staying home with the children as a full-time mother was without the consent of Mr. Short. See Lowentritt v. Lowentritt, 11-703 (La.App. 5 Cir. 3/13/12), 90 So.3d 1081.
Prior to Katrina Ms. Marinovich also had a side business as a calligrapher of wedding invitations, which she said earned a couple of hundred dollars a month. She testified her calligraphy business declined to nothing after Katrina, due to lack of demand for those services.
She testified her expense figures on the form were mostly estimates. The figures do not include the housing expense, because she lived in houses owned by her and her husband. The hearing officer determined that the expense of housing should be relegated to the parties’ community property settlement, and on de novo review the district judge agreed with that determination.
As stated above, the purpose of interim spousal support is to maintain the party receiving in a standard of living comparable to that enjoyed prior to the separation. The trial court found Ms. Marinovich’s testimony credible and her claims reasonable. We find no abuse of the trial court’s discretion on these issues.
B. Credit pursuant to La. R.S. 9:321(D)
Mr. Short argues he is entitled to credits for amounts paid toward his interim spousal support obligation. The court granted him some credits, as set out in the Reasons for Judgment, but denied credits for payments on the mortgages on the parties’ two homes, on the basis those will more properly be addressed in the ^community property partition and child support determinations. Further, Ms. Marinovich did not include those expenses in her expense list.
We find no error in that ruling.
C. Award of legal interest
The appellant seeks reversal of the interest award entirely, arguing interest on a newly-established award of spousal support is not permitted because La. C.C. art. 113 does not contain a provision for legal interest. He contends interest on a spousal support award is allowed only if the award was made executory and the obligee has brought a rule for contempt.
La. C.C.P. art. 1921 provides, “The court shall award interest in the judgment as prayed for or as provided by law.” Since the word “shall” in La. C.C.P. art. 1921 is mandatory, the court lacks discretion to deny interest if interest is prayed for or provided for by law. La. R.S. 1:3.
La. C.C. art. 2000 provides for judicial interest on money awards as follows, in pertinent part:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924. The obligee may recover these damages without having to prove any loss....
Thus, judicial interest on child support and spousal support is provided for in La. C.C. art. 2000.
When a party prays for an award of interest in a pleading seeking a money judgment, the court lacks discretion to deny interest on the award. Aupied v. *559 Aupied, 09-636, pp. 6-7 (La.App. 5 Cir. 3/9/10), 38 So.3d 899, 903-904.
Judicial interest on past due child support and spousal support accrues from the date each payment is due, rather than from the date of demand. Bickham v. Bickham, 2002-1307, p. (La.App. 1 Cir. 5/9/03), 849 So.2d 707, 710-711.
| inThe written judgment does not state the date when interest was to begin. In her brief on appeal, Ms. Marinovich states that the district court awarded legal interest only from the end of March 2008, which she asserts “substantially complies with the requirements of legal interest pursuant to Article 2000.”
Considering the above, we find no basis to disturb the award of legal interest.
DECREE
For the foregoing reasons, the judgment is affirmed. Costs of appeal are assessed against the appellant, David Allen Short.

AFFIRMED

. The previous appeals and writ applications in this case, all under the name Short v. Short, are as follows: (1) 08-637 (La.App. 5 Cir. 8/15/08), writ denied (unpublished writ disposition); (2) 09-416 c/w 09-639 c/w 09-640 (La.App. 5 Cir. 3/23/10), 33 So.3d 988, affirmed in part, reversed in part, and remanded, writ denied, 2010-1086 (La.9/3/10), 44 So.3d 688; (3) 11-3 (La.App. 5 Cir. 10/25/11), 77 So.3d 405, affirmed, writ denied, 2011— 2635 (La.2/10/12), 80 So.3d 472; (4) 11-493 (La.App. 4 Cir. 5/6/11), writ granted (unpublished writ disposition).