WINDHORST, J.
This appeal arises from a February 7, 2017 judgment from the Twenty-Fourth Judicial District for the Parish of Jefferson on custody, spousal support and child support issues between the parties. We vacate the trial court's judgment and remand for further proceedings.
Facts and Procedural History
On July 27, 2016, Clement A. Dugué, III ("Appellant") filed a petition for divorce, for temporary and permanent custody, for a temporary restraining order and for child support against Avignon M. Dugué ("Appellee"). On August 18, 2016, Appellee filed an answer and reconventional demand against appellant, seeking sole custody or alternatively joint custody, spousal support, child support and reimbursement of certain expenses. On October 14, 2016, the parties appeared before a hearing officer, after which the hearing officer made recommendations on several issues, including custody, spousal support, child support and reimbursement of certain expenses. Based on the hearing officer's recommendations, an interim judgment was entered awarding the parties joint custody of the children with the appellee designated as the domiciliary parent and the appellant granted unsupervised physical custody once to twice a week. Appellant was also ordered to pay child support, spousal support, and certain expenses. On October 18, 2016, Appellant filed an objection to the hearing officer's recommendations and the interim order regarding custody, child support, and spousal support, reserved his right to assert other objections, and requested a de novo hearing before the trial court.
On February 6, 2017, the parties appeared before the trial court for a hearing regarding appellant's objection. On February 7, 2017, the trial court signed a judgment, overruling most of appellant's objection, except as to visitation, which the trial court adjusted to give appellant an additional day of visitation every other week. As to the remaining issues, the trial court ordered that all other provisions of the October 14, 2016 interim judgment shall remain in effect. Appellant filed a timely motion for new trial on February 16, 2017, which the trial court denied on June 26, 2017. Pursuant to appellant's request, the trial court issued written reasons for judgment on March 6, 2017, stating that the court found that appellant did not prove a "material change in circumstances" to adjust the amounts of child support or spousal support. This appeal follows.
Discussion and Analysis
In his assignments of error, appellant asserts that the trial court erred in requiring that appellant show a material change in circumstance instead of conducting a de novo hearing on the issues of child support and spousal support, and in not dismissing appellee's child support and interim spousal support claims. Appellant also asserts the trial court erred in considering income *1177 appellant earned from overtime during the period August through October 2016 and certain part-time employment in determining appellant's gross income for purposes of calculating child support and spousal support.
Assignment of Error 1
In this assignment, appellant contends that "[t]he District Court erred by requiring the Appellant prove a material change of circumstances, even though there was no previous award." Appellant asserts that the "material change in circumstances" standard does not apply until an award has been granted by the trial court, which had not yet occurred. We find that Assignment of Error 1 has merit.
The trial court's Written Reasons for Judgment show that the trial court did apply the "material change in circumstances" standard. The trial court cited La. C.C. arts. 142 and 114, and La. R.S. 9:311(A)(1), all of which apply to circumstances in which a party seeks to modify a court's award of child support or spousal support. La. C.C. arts. 142 and 114 provide that an award may be modified if there is a material change in circumstances. La. R.S. 9:311(A)(1) provides that an award "shall not be modified unless the party seeking the modification shows a material change in circumstances...." In its analysis, the trial court stated that "the Court finds there presents no material change in circumstances" and "there is no evidence of a material change in circumstances."
La. R.S. 46:236.5(C) (6) and (7) provides:
(6) A copy of any written recommendations, orders, or uncontested judgments rendered by the hearing officer shall be provided to the parties and their counsel at the time of the hearing officer's ruling, if present. Any party who disagrees with a judgment or ruling of a hearing officer on a matter set forth in Paragraph (3)[1] may file a written objection to the findings of fact or law of the hearing officer within the time and manner established by court rule. The objection shall be heard by the judge of the district court to whom the case is assigned. Upon filing of the objection, the court shall schedule a contradictory hearing where the judge shall accept, reject, or modify in whole or in part the findings of the hearing officer. If the judge in his discretion determines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer.
(7) If no written objection is filed with the clerk of court within the time and manner established, the order shall become a final judgment of the court and shall be signed by a judge and appealable as a final judgment. The judgment after signature by a district judge shall be served upon the parties in accordance with law.
See also, Beaudion v. Beaudion, 2011-53 (La. App. 5 Cir. 12/29/11), 83 So.3d 355, 360 ; Short v. Short, 2009-639 (La. App. 5 Cir. 3/23/10), 33 So.3d 988. Louisiana District Court Rule 35.5 provides that "[a]ny objection to the written recommendation of a hearing officer and judgment of the domestic commissioner shall be filed with the clerk of court within five (5) days, exclusive of legal holidays, from the issuance of the recommendation." As to the trial court's de novo contradictory hearing on an objection to a hearing officer's recommendations, Rule 35.7 provides:
*1178 The judge shall not be bound by the recommendation of the hearing officer. Further, the judge may review the hearing officer's conference report, and shall accept, reject, or modify in whole or in part the findings of the hearing officer and give them such weight as deemed appropriate based on the evidence adduced at the hearing.
The record shows that appellant filed an objection to the hearing officer's recommendations within five days of the issuance of the recommendations. The hearing officer issued recommendations on October 14, 2016, and appellant filed his objection on October 18, 2016. Because the appellant timely objected to the hearing officer's recommendations, the recommendations did not become a final judgment and appellant was clearly entitled to a de novo review of the hearing officer's findings by the trial court. La. R.S. 46:236.5 (C) ; Dep't of Soc. Servs. Support Enforcement Servs., ex rel. A.M. v. Taylor, 2000-2048 (La. App. 1 Cir. 2/15/02), 807 So.2d 1156.
In Dep't of Soc. Servs. Support Enforcement Servs., ex rel. A.M. v. Taylor, the appellate court stated that "[u]nder Section 236.5(C)(6), if the defendant disagrees with the finding of the hearing officer regarding either the establishment of paternity or the establishment of support, he is entitled to de novo review of the findings of the hearing officer...." Id. As the statutory and case law clearly indicate, the trial court should review a hearing officer's recommendations de novo and it "shall accept, reject, or modify in whole or in part the findings of the hearing officer."
Considering this, we find the trial court erred in applying the "material change of circumstances" standard enunciated in La. C.C. arts. 142 and 114 and La. R.S. 9:311(A)(1) in this case. These statutes apply to cases in which a party seeks a modification or change in a pre-existing judgment of the trial court. It does not apply to a recommendation of the hearing officer, or the resulting interim judgment to which a timely objection was made. No judgment had been rendered by the trial court in this matter. Because the trial court applied the incorrect standard in evaluating appellant's objection to the hearing officer's recommendations and the interim judgment, the trial court committed an error of law with regard to the rulings in its February 7, 2017 judgment, which affected the outcome in this case and implicated the substantive rights of the parties. As a result, we vacate the trial court's February 7, 2017 judgment and reinstate the October 14, 2016 interim judgment of the hearing officer. We remand this case to the trial court to conduct a de novo hearing on appellant's objection to the hearing officer's recommendations.
Assignment of Error 2
In this assignment, appellant contends that "[t]he district court erred in not dismissing Appellee's claim[s] for child support and interim spousal support because she did not introduce any evidence to support her claim that she was owed any support by the Appellant." Under La. C.C. art. 224, "[p]arents are obligated to support, maintain, and educate their child." Thus, appellant's obligation to provide child support for his children cannot be dismissed. Consequently, we only address appellant's argument that the interim spousal support claim should be dismissed due to a lack of supporting evidence.
La. C.C. art. 111 provides that the court may award interim periodic spousal support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage. La. C.C. art. 113 provides that an award of interim spousal support is *1179 based on the needs of that party, the ability of the other party to pay, any interim allowance or final child support obligation and the standard of living of the parties during the marriage. The party seeking interim spousal support has the burden of proof. Gordon v. Gordon, 2007-272 (La. App. 3 Cir. 10/3/07), 966 So.2d 1216.
Appellant filed a timely objection to the hearing officer's recommendations and the interim judgment challenging the recommendations on custody, child support and interim spousal support, and the trial court held a de novo hearing. At the de novo contradictory hearing, appellant testified and, because appellee was not represented, she personally cross-examined him. The appellee also testified under oath.
Appellant testified that $1,730 of his salary goes to spousal support and child support payments. He also testified that the rent for the house that the appellee and their children live in is paid from his support payments to appellee. During appellee's cross-examination of appellant, appellant testified that after they were separated, he continued to pay the rent, the utility bills and the auto insurance on appellee's vehicle. Even though he was not living in the house, he knew when the utility bill had not been paid, and that he would go to Entergy to pay it because it was necessary, and he was trying to be responsible for his family by taking care of household payments. This testimony seems to be undisputed, and suggests that appellant knew appellee struggled to pay the household bills on her own, and that she and the children relied on him for continued support.
Appellee testified that she was not represented because she could not afford her attorney, and that when appellant did not make his payments to her as ordered by the interim judgment, she had to pay late fees for various bills and expenses which were due. This testimony indicates that appellee was unable to pay certain bills and expenses unless and until she received support payments from appellant. This also appears to be undisputed.
We disagree with appellant's Assignment of Error 2 contention that there is not any evidence in the record to support appellee's claim for spousal support. Based on the aforesaid testimony, the record contains some evidence in support of possible findings that the appellee is in need of support, that appellant has the ability to pay support, and of whether support is necessary to maintain the standard of living during the marriage. Whether the appellee has met her burden of proof under La. C.C. arts. 111 and 113 involves primarily questions of fact. Because the trial court applied the "material change in circumstances" standard in error, no findings of fact as to the above criteria for awarding spousal support were made.
In addition to the aforesaid testimony, La. R.S. 46:236.5(C)(6) provides that at the contradictory hearing, "the judge shall accept, reject, or modify in whole or in part the findings of the hearing officer. If the judge in his discretion determines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer." Louisiana District Court Rule 35.7 further provides that the trial judge "may review the hearing officer's conference report, and shall accept, reject, or modify in whole or in part the findings of the hearing officer and give them such weight as deemed appropriate based on the evidence adduced at the hearing ." [Emphasis added.] Thus, in addition to the testimony, the findings of the hearing officer could be taken into consideration by the trial court to the extent allowed by law and rule.
While there is not enough evidence in the record for us to render a decision on spousal support due to the misapplication *1180 of law, we do not agree with appellant's contention in Assignment of Error 2 that there is not any evidence in the record to support appellee's claim for spousal support. Because there is some evidence in the record supporting the grounds for her spousal support claim, as well as the prerogative of the trial judge to have considered the findings of the hearing officer to the extent allowed by law and by rule, we conclude that dismissal of appellant's claim for spousal support is not merited.
In addition, La. C.C.P. art. 2164 provides that an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." We conclude that this result can best be achieved by remand of this case to the trial court for a de novo evidentiary hearing on child and spousal support, including all provisions of the Interim Judgment to which the timely objection was made.
Considering the foregoing, we do not address appellant's assignments of error regarding the consideration of certain overtime and part-time income in determining child support and interim spousal support.
Conclusion
For the reasons stated above, we find merit in Assignment of Error 1 as it applies to both child and spousal support, and accordingly, we vacate the district court's ruling. We decline to reverse the trial court and render a dismissal of appellee's claim for spousal support, as pleaded in Assignment of Error 2. We pretermit the remaining assignments of error.
We therefore vacate the trial court's February 7, 2017 judgment and reinstate the October 14, 2016 Interim Judgment, and remand this case to the trial court for a de novo evidentiary hearing on appellant's objections to the Interim Judgment and hearing officer's recommendations.
VACATED; REMANDED

Paragraph (3) provides that the hearing officer shall make written recommendations to the court concerning any domestic and family matters as set forth by local rule, including but not limited to the establishment of, the collection of, and the enforcement of child and spousal support, and child custody and visitation.