RYAN S. CURRY

VERSUS

MICHELLE W. CURRY

NO. 19-CA-49

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 776-765, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

February 12, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg

<u>**AMENDED, AND AFFIRMED AS AMENDED**</u>
**SJW**
**RAC**
**HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
RYAN S. CURRY
 Edith H. Morris
 Bernadette R. Lee
 Suzanne Ecuyer Bayle
 Sheila H. Willis

COUNSEL FOR DEFENDANT/APPELLEE,
MICHELLE W. CURRY
 Cynthia A. De Luca

**WINDHORST, J.**

Appellant, Ryan Curry, has appealed the trial court's November 5, 2018 judgment ordering him to pay $3,756.42 in interim periodic spousal support per month and $4,000.00 in attorney's fees to appellee, Michelle Curry. For the reasons that follow, we affirm the trial court's award of interim spousal support to Ms. Curry, but reduce the award of attorney's fees from $4,000.00 to $1,885.00, which includes court costs.

**Facts and Procedural History**

Mr. Curry and Ms. Curry were married on October 6, 2001 in New Orleans, Louisiana. Their matrimonial domicile is in Kenner, Louisiana. From their union, four children were born, all of whom are currently under the age of majority. On October 12, 2017, Mr. Curry filed a petition for divorce while he and defendant, Ms. Curry, were living together in their matrimonial domicile. On November 13, 2017, Ms. Curry answered the petition for divorce, seeking among other things child support and spousal support.

On January 25, 2018, the trial court entered an interim consent judgment on child support. Pursuant to the interim consent judgment, Mr. Curry was ordered to pay $1,884.00 per month in child support to Ms. Curry, as well as 93% of expenses for the children's tuition, $2,414.37, and extracurricular activities, $426.50, for a total of $2,840.87. Mr. Curry was also ordered to maintain health, hospitalization, medical and/or dental insurance for the minor children.

On January 31, 2018, Ms. Curry's rule for interim spousal support came before the hearing officer, who recommended that Mr. Curry pay $3,380.00 per month to Ms. Curry for interim spousal support, effective February 1, 2018, that he maintain Ms. Curry's health insurance pending the divorce, and that he pay for her car insurance pending further court order. The hearing officer also recommended that each party receive $300.00 per month in rental income, which is allegedly one-

half of the income received from the parties' community rental properties. These recommendations were made an interim order of the court. On February 7, 2018, Mr. Curry filed an objection to the hearing officer's recommendations and the interim order, asserting that based on his monthly income and expenses, he lacks the ability to pay the amount of interim spousal support.

On June 20, 2018, Ms. Curry filed a rule for contempt alleging that Mr. Curry was not complying with the judgment ordering him to pay child support and/or interim spousal support by either not paying Ms. Curry or not paying timely. After a hearing officer conference, the hearing officer recommended that Mr. Curry be found in contempt as the record indicated he owed Ms. Curry $5,135.00 in past due child support and spousal support for the period February 1, 2018 to August 31, 2018. The hearing officer, however, also recommended that Mr. Curry be given the opportunity to purge himself of the contempt by paying Ms. Curry the $5,135.00 by September 4, 2018. Mr. Curry paid Ms. Curry the $5,135.00 by the deadline.

On October 10, 2018, the trial court conducted a hearing on Mr. Curry's objection to the recommended amount of interim spousal support and on the amount of attorney's fees and costs awarded to Ms. Curry due to the finding that Mr. Curry was in contempt of court. On November 5, 2018, the trial court issued a judgment ordering Mr. Curry to pay Ms. Curry $3,756.42 in interim spousal support retroactive to the date of demand and $4,000.00 in attorney's fees. Mr. Curry has appealed this judgment.

**Law and Analysis**

In his first three assignments of error, Mr. Curry challenges the trial court's award of interim spousal support, specifically assigning as error that the trial court failed to establish the needs of the claimant spouse; failed to establish his ability as the payor spouse to pay the awarded amount of spousal support; and abused its discretion in setting the amount of interim spousal support owed to Ms. Curry. In

his fourth assignment of error, Mr. Curry asserts the trial court abused its discretion in awarding Ms. Curry $4,000.00 in attorney's fees.

In a proceeding for divorce, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, any interim allowance or final child support obligation, and the standard of living of the parties during the marriage. La. C.C. arts. 111, 113. A spouse's right to claim interim periodic support is grounded in the duty statutorily imposed on spouses to support each other during marriage and, thus, provides for the spouse who does not have sufficient income for his or her maintenance during the period of separation. Short v. Short, 11-1084 (La. App. 5 Cir. 5/22/12), 96 So.3d 552, 556. Interim spousal support is designed to assist the claimant in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the divorce litigation. Randle v. Randle, 18-168 (La. App. 5 Cir. 12/4/18), 261 So.3d 1047; Short, supra. The purpose of interim spousal support is to maintain the status quo without unnecessary economic dislocation until a final determination of support can be made. Id.

The trial court is vested with much discretion in determining awards of spousal support, and its determinations will not be disturbed absent a clear abuse of discretion. Id. As to interim spousal support specifically, "[a]n abuse of discretion will not be found if the record supports the trial court's conclusions about the means of the payor spouse and his or her ability to pay." Lambert v. Lambert, 06-2399 (La. App. 1 Cir. 3/23/07), 960 So.2d 921, 928. Factual findings shall not be set aside absent manifest error. Short, supra.

A spouse establishes a need for interim spousal support if she demonstrates that she lacks sufficient income to maintain the style or standard of living that she enjoyed while residing with the other spouse during the marriage. Because interim spousal support is specifically designed to maintain the status quo during

litigation, the burden is on the claimant to prove her entitlement to such support. Randle, supra. Encompassed in the trial court's discretion is the ability of the court to examine the spouses' entire financial condition. Hitchens v. Hitchens, 38,339 (La. App. 2 Cir. 5/12/04), 873 So.2d 882, 884-885.

In his brief, Mr. Curry challenges Ms. Curry's expenses, noting that there were errors in her expenses that she admitted to at trial, including an inaccurate amount for housing, a nonexistent car note payment, and house repair expenses for repairs that were never actually done. He also alleges that certain expenses are excessive, such as the $645.00 in treatment for her face and legs, which she had after interim spousal support payments were ordered. Mr. Curry further asserts that Ms. Curry's need was not established because she did not present any evidence to confirm that her net monthly income was $189.55. Mr. Curry alleges that Ms. Curry does not need the amount awarded given the amount of money in her savings account and the vacations she could afford to take.

On appeal, we find no error in the trial court's finding that Ms. Curry's need for interim spousal support was proven. At the trial court hearing, Ms. Curry testified in detail regarding her monthly expenses as well as to her limited income. She testified that she only works ten to fifteen hours a week in aftercare for a monthly income of $189.55 because she is primarily occupied with caring for the four children and so that she and Mr. Curry would not have to pay for daycare or aftercare for their four children. Also, the income and expenses affidavit submitted by Ms. Curry showed that her expenses were $6,022.40 per month. During the trial court hearing, however, she admitted that some of the expenses listed were inaccurate and acknowledged that her expenses were actually $5,444.00 per month.

Based on the record, we cannot conclude that Ms. Curry's listed expenses are excessive. At least one vacation she took was for one of her son's out-of-state baseball tournaments, which Mr. Curry also attended. Another vacation she took

was a cruise with the children and Mr. Curry, which Ms. Curry testified they saved for on a monthly basis so that they could take a family vacation. Also, Ms. Curry's expenses for treatment to her face and legs are treatments she received during the marriage. In the area of domestic relations, the trial judge is vested with much discretion, particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Pearce v. Pearce, 348 So.2d 75, 78 (La. 1977). The factual findings of the trial court are therefore to be accorded substantial weight on review. Id. Considering the record before us, we are unable to say that the trial court abused its discretion in weighing the evidence and finding Ms. Curry proved her need for the interim spousal support awarded.

Mr. Curry also alleges that the trial court erred in finding his ability to pay the interim spousal support award was established. Mr. Curry was questioned regarding his income and expense sheet and his paystubs, which reflect that his monthly income is $10,080.00. Mr. Curry contends that his monthly expenses are $4,541.50. According to Mr. Curry, after he pays $4,541.50 for his monthly expenses, $2,840.87 for the children's tuition and extracurricular activities, and $1,884.00 in child support, he has $813.63 left to pay for interim spousal support. Based on the testimony and evidence, however, the trial court could have concluded that Mr. Curry's income and/or expenses were not what he claimed.

With regard to expenses, Mr. Curry testified that his rent is about $1,100.00 per month and that his parents pay this expense, as well as his utilities expense and for some vacations. Mr. Curry claimed that he has to repay his parents for these costs when he can afford to do so. Ms. Curry disputes that Mr. Curry has to repay his parents for these expenses. No evidence was presented to show that Mr. Curry is obligated to repay these expenses. In assessing a spouse's ability to pay, the court

must consider his "means," which include "any resource from which the wants of life may be supplied," and requires an assessment of the entire financial condition of the payor spouse. Randle, 261 So.3d at 1052. Given that Mr. Curry could not state the exact amount of his rent or utilities or any timeline for repayment, the trial court could have made a credibility determination and believed that he did not have to repay his parents for paying these expenses.

Mr. Curry was also questioned about his use of a credit card in the name of his rental property company, NOLA Metro Property, which he operates with another family member. Mr. Curry apparently uses this credit card routinely for personal expenses. Although he claimed he has to pay the company for these personal expenses, there was no evidence presented that he has to repay these amounts. There was also some question as to Mr. Curry's income from the rental property company. He testified that the company manages a four-plex, two duplexes, and a house, which only generates $600.00 of income per month with one-half going to Ms. Curry.

After carefully reviewing the record, we find a reasonable factual basis exists to support the trial court's implicit finding that Mr. Curry has the ability to pay the interim support award. Domestic relations issues, such as the determination of entitlement to spousal support, largely turn on evaluations of witness credibility. Rockett v. Rockett, 51,453 (La. App. 2 Cir. 6/21/17), 223 So.3d 1227, 1234. The trial court has, by law, the discretion to disregard and/or to reduce certain claimed monthly expenses and to consider various factors in determining the appropriate amount of interim spousal support that will assist the claimant spouse in sustaining the same standard of living she enjoyed while residing with the other spouse, pending divorce. Lambert, 960 So.2d at 928-930. Inasmuch as interim spousal support is temporary and is intended to award Ms. Curry an amount that allows her to maintain the standard of living enjoyed by the spouses during their marriage, we cannot say the trial court abused its discretion.

19-CA-49                                           6

With regard to appellant's fourth assignment of error, Mr. Curry asserts the trial court abused its discretion in awarding Ms. Curry $4,000.00 in attorney's fees. We agree. Because Mr. Curry failed to timely pay his support obligations, Ms. Curry filed a motion for contempt. Following the contempt hearing, the hearing officer awarded Ms. Curry actual court costs and attorney fees to be determined by the parties or the trial court. The trial court awarded Ms. Curry $4,000.00 in attorney's fees. La. R.S. 9:375 states as follows:

> When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.

An award of attorney's fees is within the sound discretion of the trial court. Quinn v. Quinn, 12-455 (La. App. 5 Cir. 2/21/13), 110 So.3d 1113, 1117.

During her testimony at trial, Ms. Curry testified that she was seeking $1,500.00 for attorney's fees and $385.00 for court costs. Considering Ms. Curry testified that she incurred $1,500.00 in attorney's fees and $385.00 in court costs, we find that the trial court abused its discretion in awarding $4,000.00. Accordingly, we amend the award of attorney's fees and reduce it to $1,885.00, which includes court costs.

**Conclusion**

For the foregoing reasons, we affirm the trial court's award of interim spousal support to Ms. Curry, and reduce the award of attorney's fees from $4,000.00 to $1,885.00, which includes court costs.

<u>**AMENDED, AND AFFIRMED AS AMENDED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 12, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-49

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
BERNADETTE R. LEE (APPELLANT)        SHEILA H. WILLIS (APPELLANT)        REBECCA GILSON (APPELLEE)

**MAILED**
SUZANNE ECUYER BAYLE (ATTORNEY)      STEPHEN C. D'ANTONI (ATTORNEY)      CYNTHIA A. DE LUCA (ATTORNEY)
EDITH H. MORRIS (ATTORNEY)           3014 METAIRIE ROAD                  7037 CANAL BOULEVARD
1515 POYDRAS STREET                  METAIRIE, LA 70001                  SUITE 204
SUITE 1420                                                               NEW ORLEANS, LA 70124
NEW ORLEANS, LA 70112