Judgment rendered May 20, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,485-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA
IN THE INTEREST OF
THE MINOR CHILD(REN):
STELLA HARPER                                          Appellant

versus

MATTHEW HARPER                                        Appellee

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. NS21245

Honorable Robert Lane Pittard, Judge

* * * * *

ROBERT RANDALL SMITH                    Counsel for Appellant
BETH ANN LANGSTON ROBINSON
Assistant District Attorneys

D. TOMLIN WILSON                          Counsel for Appellee

* * * * *

Before MOORE, GARRETT, and COX, JJ.

**COX, J.**

This child support suit arises out of the 26th Judicial District Court, Bossier Parish, Louisiana. Matthew Harper filed for a modification of child support, which was denied by the hearing officer. Mr. Harper requested a hearing before the district court. The district court performed a de novo review of matter and reduced Mr. Harper's child support obligation. The State of Louisiana now appeals. For the following reasons, we affirm the district court's reduction of the child support obligation.

## FACTS

On October 5, 2018, the State of Louisiana filed a rule for child support against Mr. Harper to obtain and/or enforce child support on behalf of Hanna Parsons, the mother of the minor child, whose date of birth is January 5, 2015. The matter was scheduled to be heard by a hearing officer. Mr. Harper submitted his check stubs and Ms. Parsons submitted proof of child care expenses. A joint obligation worksheet was filled out by the State. Based on the worksheet, Mr. Harper's total child support obligation was $975.67.

On November 20, 2018, the hearing officer signed the recommendation and recommended Mr. Harper should pay $945[1] per month in child support. The hearing officer also recommended Mr. Harper pay for the child's medical insurance through his employer, if available. Neither party requested a hearing before a judge. The judgment was signed by the district court on November 28, 2018, adopting the hearing officer's recommendations.

---

[1] $900 in support plus a 5% administrative fee.

Mr. Harper filed a rule to decrease child support on June 22, 2019. He argued there was a material change in circumstances, specifically:

- He was terminated from his previous employment by the time the child support order was set. He worked for a second employer in Kansas from February 2019 until June 2019. He recently obtained employment from a third employer in Bossier City, LA.

- His current estimated monthly income is $2,200, and he is paid as an independent contractor. He has been unable to find alternative employment sufficient to meet his existing child support payments.

- The previous order included child care costs, but the child has been removed from daycare.

The matter was scheduled to be heard by a hearing officer. Another joint obligation worksheet was filled out, and Mr. Harper's recommended child support obligation was $681.65. This joint obligation worksheet was completed using information from Mr. Harper's second employer, not his current employer. At the outset of the hearing, the State pointed out that the second worksheet does not indicate an obligation change of at least 25% and it had not been 3 years since the previous order.

Mr. Harper stated that he was fired from his second employer because his license was suspended for failure to pay child support. He stated that his previous employers were in the oil field industry and his current employment is in mobile home repair. The State said the first support payment of $1,321 was received in March 2019, but the payment was involuntarily made. The first voluntary payment of $380.95 was made in April 2019. A wage assignment order was set up, and Ms. Parsons received payments from an employer from June 10 through September 17, 2019.

At the hearing, the State argued that Mr. Harper has the ability to go back to work in the oil field but is choosing not to. Ms. Parsons stated that

she has heard Mr. Harper state on multiple occasions that he plans to go back in the oil field after the child support obligation is reduced. Mr. Harper argued that oil field work is project-based and not permanent employment. He also argued that he would be required to move from state to state with each project. Mr. Harper stated that he made payments that were not counted because he paid them directly to Ms. Parsons and she has chosen not to give him credit for those.

Mr. Harper stated that at the time the order was initially set, he was unemployed, and therefore in the hole as far as child support was concerned. He stated that when he finally did get another job (his second job), he gave his garnishment information to the State. He asserted that the State told him that if he gave them his garnishment information, they could stop his license from being suspended. He stated that the State later told him that they first had to receive garnishments. He was ultimately fired for having a suspended license before his employer sent his first garnishment.

The hearing officer denied Mr. Harper's request for a modification based on the timeframe in which it was requested. Mr. Harper filed an exception to the hearing officer's recommendations. The exception was heard in district court on October 21, 2019.

The district court stated at the hearing that one of the issues was Mr. Harper's good faith. It stated, "[I]t certainly appears to be the case here, that he does have good faith and that, … you are entitled to a de novo review of the hearing officer's findings." The district court stated that based on Mr. Harper's good faith in obtaining employment and its review of the record,

3

Mr. Harper's child support obligation would be reduced in accordance with the second joint obligation worksheet.

The district court signed a judgment modifying Mr. Harper's child support obligation, reducing it to $681.65 plus a 5% administrative fee. The State now appeals the reduction of child support.

## DISCUSSION

The State assigns two errors by the district court. It argues the district court judge erred in finding good faith by Mr. Harper when he did not pay his court-ordered child support. It also argues that the district court should have applied the manifest error standard of review instead of a de novo review.

It is the State's position that the district court only had the ability to accept, reject, or modify the hearing officer's findings. It argues that Mr. Harper is voluntarily underemployed, which is a question of good faith and subject to the manifest error standard. It states that Mr. Harper's voluntary underemployment is also not a material change in circumstances warranting a modification of the support obligation.

Mr. Harper argues that de novo review by the district court was appropriate. He argues that under the Louisiana District Court Rules, specifically, Rule 35.7, the district court owes no deference to the recommendations of the hearing officer. He asserts that considering the entire record, there was a reasonable factual basis for the district court's decision.

*De Novo Review*

Louisiana District Court Rule 35.7 states:

> If any party files a timely objection to the recommendations of the hearing officer, then the matter shall be set before the judge for hearing… The judge shall not be bound by the recommendation of the hearing officer. Further, the judge may review the hearing officer's conference report, and shall accept, reject, or modify in whole or in part the findings of the hearing officer and give them such weight as deemed appropriate based on the evidence adduced at the hearing.

The Louisiana Supreme Court has stated that the district court's de novo review of the hearing officer's recommendation is appropriate. In discussing the 32nd Judicial District Court Rules and Louisiana District Court Rule 35, which mirror one another, the Louisiana Supreme Court stated, "Because the trial court is not required to defer to or accept the hearing officer's recommendations and can receive evidence beyond what the hearing officer heard, we find de novo review is afforded." *Boudreaux v. Boudreaux*, 2015-0536 (La. 10/14/15), 180 So. 3d 1245.

In *Dugue v. Dugue*, 17-525 (La. App. 5 Cir. 6/27/18), 250 So. 3d 1174, the Fifth Circuit stated, "Because the appellant timely objected to the hearing officer's recommendations, the recommendations did not become a final judgment and appellant was clearly entitled to a de novo review of the hearing officer's findings by the trial court." *See* La. R.S. 46:236.5 (C); *Dep't of Soc. Servs. Support Enforcement Servs., ex rel. A.M. v. Taylor*, 2000-2048 (La. App. 1 Cir. 2/15/02), 807 So. 2d 1156.

Jurisprudence is clear that when a party timely objects to the hearing officer's recommendations, the party is entitled to a de novo review by the district court. De novo means "anew." Black's Law Dictionary (11th ed. 2019). As stated in jurisprudence, this de novo review does not require any deference to the hearing officer's recommendations. Therefore, the district court did not err in taking a new look at the child support modification,

without deferring to the hearing officer's findings. We find no merit in this argument.

*Good Faith*

Louisiana jurisprudence distinguishes between voluntary and involuntary changes in circumstances. An involuntary change in circumstances results from fortuitous events or other circumstances beyond a person's control, such as loss of one's position or illness. A voluntary change in circumstances generally does not justify a reduction in the support obligation. Voluntary underemployment is a question of good faith. *Kairdolf v. Kairdolf*, 46,035 (La. App. 2 Cir. 3/2/11), 58 So. 3d 527.

A determination by the trial court of whether the spouse is in good faith in ending or reducing his or her income is a factual determination which will not be disturbed on appeal absent an abuse of the wide discretion of the trial court. *Id.*

In its de novo review, the district court was entitled to determine whether Mr. Harper was in good faith, without deference to the hearing officer's recommendations. We will not disturb the district court's good faith finding absent a wide abuse of discretion.

In the case before us, Mr. Harper testified that he was fired from his second job because his license was suspended before the State received his first garnishment. Mr. Harper then obtained employment in another sector, making a lower income. The only evidence presented that Mr. Harper was voluntarily underemployed was Ms. Parsons' testimony that she had heard Mr. Harper say he would go back to oil field work once the support obligation was lowered.

Although it was Mr. Harper's inconsistent child support payments that led to his license suspension, which caused him to be fired, he did not voluntarily leave this employment. There was no evidence presented that Mr. Harper had the ability to return to work in the oil field, but chose not to. It was within the district court's wide discretion to determine that Mr. Harper was in good faith and not voluntarily underemployed. Based on the record before us, we do not find that the district court abused its discretion. This assignment lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's finding of good faith and the modification of Mr. Harper's child support obligation. Costs associated with this appeal are assessed to the State in the amount of $326. La. R.S. 13:5112.

**AFFIRMED.**