MICHAEL E. KIRBY, Judge.
 

 | [Defendant, EZ Rent To Own, Inc. (“EZ”), appeals the trial court judgment granting the motion for contempt and sanctions filed on behalf of plaintiff, South East Auto Dealers Rental Association, Inc. (“SEADRA”). In that judgment, the trial court ordered EZ to deposit $65,484.36 into the registry of the court, and to pay fees totaling $4,479.14 to the court-appointed expert, Mr. Newton Savoie. The trial court also ordered EZ to pay attorneys’ fees to SEADRA in the amount of $1,500.00.
 

 
 *1096
 
 This appeal involves a motion for contempt and sanctions filed by SEADRA based on EZ’s alleged violation of the trial court’s April 1, 2008 preliminary injunction order. The facts and prior procedural history of this case are set forth in this Court’s earlier opinion in
 
 South East Auto Dealers Rental Association, Inc. v. EZ Rent To Own,
 
 2007-0599 (La.App. 4 Cir. 2/27/08), 980 So.2d 89. The portion of the April 1, 2008 judgment at issue states as follows:
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, EZ Rent To Own, Incorporated, its agents, representatives, shareholders, officers, employees and consultants (collectively “EZ”) |2are hereby enjoined and prohibited from operating that portion of EZ’s business in Vernon Parish, Louisiana, that relates/related to the rent-to-own of automobiles; that EZ shall not engage in competition with SEADRA and/or any SEADRA licensee in Vernon Parish, Louisiana; that EZ shall not solicit any customers of any SEADRA licensee or any of EZ’s former customers in Vernon, Louisiana; and EZ shall return to SEADRA within ten business days from the date of this judgment forms, computer software, materials, and customer data EZ obtained as a SEADRA licensee.
 

 On April 15, 2008, EZ filed a Motion to Alter or Amend Judgment and/or Motion for New Trial from the trial court’s April 1, 2008 judgment. In that motion, EZ asked that the April 1, 2008 judgment be amended to either: “(1) provide that although EZ has cancelled its Vernon Parish rent-to-own contracts, EZ is authorized to comply with its legal requirements to, among other things, insure the vehicles that EZ’s former Vernon Parish customers do not immediately return to EZ and to track those customers’ insurance requirements, without being in violation of the Judgment; or (2)
 
 to
 
 provide EZ with an additional ninety (90) days, up to including July 14, 2008, to ensure that all of its former Vernon Parish customers return the previously leased vehicles to EZ.” SEADRA filed an opposition to EZ’s motion on April 23, 2008.
 

 On April 30, 2008, SEADRA filed a motion for contempt and sanctions, asking the trial court for an order: (1) holding EZ and its principal, Jerome Greenberg, in contempt of court, and (2) imposing sanctions for their failure to comply with the April 1, 2008 preliminary injunction order commanding them to cease operating a rent-to-own automobile business. In its memorandum in support of its motion, SEADRA argues that EZ refused to comply with the order to cease |3all rent-to-own automobile business in Vernon Parish by April 15, 2008. SEADRA alleged that EZ employed a number of dilatory tactics in its failure to abide by the court order, and continued to collect monthly fees on its rent-to-own consumer contracts past April 15, 2008. SEADRA alleged that EZ willfully disobeyed a lawful judgment, which constitutes constructive contempt of court under La. C.C.P. article 224(2).
 

 Prior to the trial court’s ruling on SEA-DRA’s motion for contempt and sanctions, EZ filed into the record the affidavit of Jerome Greenberg, EZ’s Chairman of the Board. In his affidavit, dated May 13, 2008, Mr. Greenberg stated that EZ has not taken on any new rent-to-own customers in Vernon Parish since the entry of the April 1, 2008 judgment. He further stated that as of the date of his affidavit, EZ had recovered all but fourteen of its vehicles previously rented to its former Vernon Parish customers. Mr. Greenberg stated that EZ continues to work fervently and diligently to recover those vehicles not yet
 
 *1097
 
 returned by its former Vernon Parish customers.
 

 SEADRA subsequently filed a supplemental memorandum in support of its motion for contempt and sanctions, and attached the affidavit of Margaret Stewart, a paralegal with the law firm representing SEADRA in this matter. In her affidavit, Ms. Stewart stated that she contacted several lessees listed on EZ’s 2007 contract, and learned that they were still making payments to EZ as of May 2008. One couple told Ms. Stewart that EZ requested that they come to an EZ office to [4sign a new contract with EZ, and another customer said she had not been contacted by EZ about any changes in the contract.
 

 On May 23, 2008, the trial court held a hearing on the motion for contempt and sanctions, and appointed Mr. Newton Savoie to serve as the court’s auditor, accountant and/or business consultant to inspect the business records of EZ and report to the court within twenty-one days of the judgment. The trial court ordered Mr. Savoie to determine how much revenue EZ received from its rent-to-own automobile consumer contracts since the court’s April 1, 2008 judgment implementing the preliminary injunction. Specifically, Mr. Savoie was instructed to determine, without limitation: (1) if EZ ceased a rent-to-own business in Vernon Parish, Louisiana; (2) if EZ or any of its officers, representatives or agents solicited any customers that signed rent-to-own contracts with EZ; (3) how many vehicles are still owned under rent-to-own contracts; and (4) what type of contacts/communications EZ has made with individuals that had rent-to-own contracts with EZ. The court stated it would determine the sanctions to impose against EZ upon receipt of Mr. Savoie’s report.
 

 SEADRA renewed its motion for contempt and sanctions against EZ on August 28, 2008, and attached to its motion a memorandum, the report of Mr. Savoie, and the above-mentioned affidavit of Margaret Stewart. In the memorandum, SEADRA alleged that following the issuance of the April 1, 2008 injunction, EZ converted its operation to a used car business, keeping a majority of its former rent-to-own customers and continuing to collect payments from them. | ¡¡According to SEADRA, EZ’s actions are nothing more than an attempt to circumvent the injunction and keep its rent-to-own customers.
 

 In Mr. Savoie’s report, he stated that he determined that the financial information provided to him by EZ for the period of April 1, 2008 through June 30, 2008 was unreliable in that it did not correspond with EZ’s actual bank statements for that period. Relying on the bank statements, Mr. Savoie determined that EZ’s cash revenue for that period was $121,267.34. Although Mr. Greenberg informed Mr. Sa-voie that EZ had converted its business from a rent-to-own operation to a buy here/pay here business after the injunction was issued, Mr. Savoie noted that the business continued to operate under the name “EZ Rent To Own, Inc.” Furthermore, Mr. Greenberg admitted to him that many of EZ’s customers that were formerly rent-to-own customers are now buy here/pay here customers.
 

 Mr. Savoie’s opinion is that EZ solicited its former rent-to-own customers for its buy here/pay here business. Based on his determination that 75 of EZ’s 139 buy here/pay here customers as of July 3, 2008 were rent-to-own customers as of April 2, 2008, Mr. Savoie determined that the revenue received by EZ from these customers after the court order was in place was based on solicitation. He calculated that the amount of revenue received by EZ in
 
 *1098
 
 violation of the injunction was 54% (75/139) of $121,267.34 or $65,484.36.
 

 The report also noted that Mr. Green-berg told Mr. Savoie that there were twenty-one vehicles still under rent-to-own contracts. A report dated July 7, 2008 listed the names of these contract customers, and next to their names was a | (¡notation of either “warrant outstanding,” “abandoned,” “military,” or “returned mail.”
 

 EZ filed a memorandum and supplemental memorandum in opposition to SEA-DRA’s renewed motion for contempt and sanctions. EZ argued that it has done all that was possible to do within the bounds of the law to comply with the preliminary injunction order entered by the trial court of April 1, 2008. EZ also argued that it did not violate the injunction order by operating as a buy here/pay here automotive company. It claimed that it terminated all of its outstanding Vernon Parish rent-to-own contracts. EZ argued that it did not impermissibly solicit SEADRA’s customers or former customers of EZ by switching its operation to a buy here/pay here business. According to EZ, the solicitation provision of the injunction would only be violated if it had converted its former rent-to-own contracts to new rent-to-own contracts. EZ admitted that it still operates under the name “EZ Rent to Own, Inc.” but claimed that it no longer holds itself out as a rent-to-own business in Vernon Parish. EZ also found fault with Mr. Savoie’s revenue calculations, and argued that SEADRA’s motion for contempt and sanctions did not contain the facts alleged to constitute contempt as required by La. C.C.P. article 225.
 

 Following a hearing, the trial court rendered judgment on October 3, 2008 granting the motion for contempt and sanctions filed by SEADRA. Based on Mr. Savoie’s report, the court ordered EZ to deposit the sum of $65,484.36 into the registry of the court. The court also ordered EZ to pay the fees of Mr. Savoie in 17the amount of $4,479.14, and to pay attorneys’ fees to SEADRA in the amount of $1,500.00. This appeal by EZ followed.
 

 On appeal, EZ argues that the hearing on SEADRA’s renewed motion for contempt and sanctions was procedurally defective. Specifically, EZ alleges that a judgment of constructive contempt is precluded in this case because SEADRA did not comply with the mandatory requirement of La. C.C.P. article 225 to state the facts alleged to constitute contempt in its rule to show cause as to why its motion for contempt and sanctions should not be granted.
 

 We find no merit in this argument. While the April 30, 2008 motion for contempt and sanctions sets forth the facts allegedly constituting contempt in a more general fashion, the renewed motion of August 28, 2008, on which the judgment appealed from is based, is particularized enough to sufficiently put EZ and Mr. Greenberg on notice that SEADRA is accusing them of violating the injunction order by continuing to operate a rent-to-own business and by soliciting previous rent-to-own customers for another business. We conclude that SEADRA complied with the requirements of La. C.C.P. article 225 by giving EZ and Mr. Greenberg sufficient notice of the facts allegedly constituting contempt.
 
 See Suazo v. Suazo,
 
 2007-0795 (La.App. 1 Cir. 9/14/07), 970 So.2d 642.
 

 EZ next argues that it did not willfully disobey the April 1, 2008 preliminary injunction order. EZ suggests that it was in full compliance with the order when it sent out letters to all of its rent-to-own customers informing them that their rent-
 
 *1099
 
 tojawn8 contracts were terminated.
 
 [1]
 
 EZ also argues that it made every effort to recover vehicles from its rent-to-own customers, but some vehicles were not returned despite EZ’s efforts. EZ claims that its current operation of a buy here/ pay here automotive company is not a violation of the preliminary injunction order.
 

 A trial court is vested with great discretion in determining whether circumstances warrant holding a party in constructive contempt of court pursuant to La. C.C.P. article 224 for willful disobedience of a court order.
 
 Watters v. Department of Social Services,
 
 2002-1425, p. 4 (La.App. 4 Cir. 6/4/03), 849 So.2d 734, 737. We conclude that the trial court did not abuse its discretion in holding EZ in constructive contempt for violation of the April 1, 2008 preliminary injunction order.
 

 Even accepting EZ’s explanations as true, there is sufficient evidence in the record that EZ violated the non-solicitation provision of the order. EZ’s Chairman of the Board, Mr. Greenberg, admitted to the court-appointed auditor, Mr. Savoie, that many of EZ’s customers that were formerly rent-to-own customers are now buy here/pay here customers. Mr. Savoie’s opinion is that those customers were obtained through solicitation, and we find no abuse of the trial court’s discretion in accepting that opinion. .The April 1, 2008 ordered that EZ “shall not solicit any customers of any SEADRA licensee or any of EZ’s former customers in Vernon | ;)[Parish], Louisiana.” EZ’s violation of that provision alone warrants a finding of constructive contempt.
 

 Finally, EZ argues that there are no statutory provisions for the allowance of attorneys’ fees in a contempt action. We find merit in this argument.
 

 The trial court included in its judgment an award of $1,500.00 in attorneys’ fees. Attorneys’ fees are generally not recoverable unless expressly provided for by statute or contract.
 
 Joseph v. Entergy,
 
 2007-0688, p. 10 (La.App. 4 Cir. 12/5/07), 972 So.2d 1230, 1237, citing
 
 Rivet v. State
 
 96-0145 (La.9/5/96) 680 So.2d 1154. There is no statutory provision that provides for the allowance of attorneys’ fees in a contempt action.
 
 Id.,
 
 citing
 
 Reeves v. Thompson,
 
 95-0321, p. 10 (La.App. 4 Cir. 12/11/96), 685 So.2d 575, 580. Furthermore, there is no allegation that attorneys’ fee are authorized pursuant to a contract between the parties. Accordingly, we reverse the portion of the trial court judgment awarding $1,500.00 in attorneys’ fees to SEADRA.
 

 For the reasons stated above, the portion of the trial court judgment awarding $1,500.00 in attorneys’ fees to SEADRA is reversed. In all other respects, the judgment of the trial court is affirmed.
 

 AFFIRMED IN PART; REVERSED IN PART
 

 [1]
 

 . The copy of the termination letter in the record is undated.