SUSAN M. CHEHARDY, Judge.
|2This appeal follows a finding of contempt and imposition of a jail sentence against the appellant for a failure to respond to discovery. We affirm, for the reasons that follow.
PROCEEDINGS BELOW
This ongoing domestic dispute has come before this Court on three prior appeals, as well as several previous writ applications.[1] The matter now before us for review concerns a ruling that held Pamela Marinovich Short in contempt of court for what the trial court found to be a “deliberate failure and refusal to abide by the *894 orders of the court” with respect to a motion to determine interim spousal support.
The designated record before us indicates that on January 18, 2011, the domestic commissioner granted a motion to compel discovery, filed by David Short, regarding his interrogatories propounded to Ms. Short on August 19, 2009 and July 29, 2010.
|aOn March 2, 2011, Mr. Short filed an emergency rule for contempt, attorney’s fees and costs, in which he alleged that appellant had “failed to answer certain Interrogatories and failed to produce certain documentation in response to the Request For Production of Documents.” Mr. Short also requested sanctions because of Ms. Short’s “total disrespect, abusive, insulting, and discourteous language in her discovery responses.”
Specifically, Mr. Short referenced Ms. Short’s responses to Interrogatory Number Nine,[2] where she answered “FU”, and Interrogatory Number Eleven, where her response was “NOYFB”.[3] Mr. Short concluded, and the commissioner ultimately agreed, that the abbreviations in the first response stood for the expletive “F — k You”, while the second response was intended to be read as “None of Your F— king Business”.
The domestic commissioner ordered Ms. Short to show cause on March 21, 2011, why “she should not be held in contempt of Court for her willful and deliberate failure to abide by the orders of the Court,” and why the provisions of La. C.C.P. art. 1471 should not be invoked because of Ms. Short’s “total disrespect, abusive, insulting, and discourteous language contained in her discovery responses.”
Following the March 2, 2011 hearing, Mr. Short filed a second rule for contempt, attorney’s fees and costs, alleging that Ms. Short failed to fully respond to his interrogatories and request for production of documents. In response, the domestic commissioner ordered Ms. Short to show cause on April 26, 2011, why | /‘she should not be held in contempt of Court for her willful and deliberate failure and refusal to abide by the orders of the Court.”
On April 11, 2011, the commissioner issued a judgment on the March 21, 2011 rule for contempt. He found Ms. Short “in contempt for her intentional and willful refusal to abide by the order of this court dated January 13, 2011, compelling her to answer the discovery propounded by David Short.” The court further found that “[w]hile the responses was [sic] not signed by the respondent, but by her attorney instead, she is nonetheless responsible for the answers she provided or failed to provide.” The judgment held open the hearing and set May 6, 2011 as the date for imposition of sentence for Ms. Short’s contempt of court.
On May 6, 2011, the hearing on Ms. Short’s sentencing for contempt of court was held. The Commissioner explained that Ms. Short was found in contempt for the previous answers that she had provided in the interrogatories, “FU” and “NYOFB”. The commissioner then sentenced Ms. Short to 48 hours in Jefferson Parish prison. On that same date, Ms. Short filed a notice of intent to apply for writs to this Court on her sentencing and *895 requested a stay from the commissioner, which was denied.
Ms. Short filed an emergency writ application to this Court, seeking a stay of the execution her sentence. This Court granted the stay, ordered Ms. Short’s immediate release from jail, and also ordered her “to file the appropriate proceeding for a review of the contempt adjudication and sentence and to provide all the necessary documentation for a determination on the merits within thirty days” of the date of the disposition.
On August 17, 2011, Ms. Short filed a petition in the district court for a writ of mandamus, with a request for a stay of enforcement. The district court denied the writ application on that same date. On August 19, 2011, Ms. Short filed a | amotion to recuse the domestic commissioner, which was denied on August 22, 2011.
On August 24, 2011, the domestic commissioner issued a judgment imposing sentence, and issued written reasons for judgment two days later. Ms. Short was ordered to appear before the domestic commissioner on September 12, 2011 to resume serving her sentence issued on May 6, 2011. On September 26, 2011, Ms. Short filed a motion for appeal.
ASSIGNMENTS OF ERROR
Ms. Short contends, first, that the domestic commissioner committed manifest error in finding appellant in contempt of court without a pre-existing judgment or court order. Second, she argues that the domestic commissioner committed manifest error in imposing jail time in response to a discovery ruling without a pre-existing judgment or court order, and without a due process hearing.
LAW AND ANALYSIS
A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. La. C.C.P. art. 221. Contempts of court are of two kinds, direct and constructive. Id.
Contempt proceedings are designed for the vindication of the dignity of the court rather than for the benefit of a litigant. Brunet v. Magnolia Quarterboats, Inc., 97-187 (La.App. 5 Cir. 3/11/98), 711 So.2d 308, writ denied, 98-0990 (La.5/29/98), 720 So.2d 343, cert. denied, Polaris Ins. Co., Ltd. v. Brunet, 525 U.S. 1104, 119 S.Ct. 869, 142 L.Ed.2d 771 (U.S.1999); Parish of Jefferson v. Lafreniere Park Foundation, 98-345 (La.App. 5 Cir. 9/15/98), 720 So.2d 359, writ denied, 98-2598 (La.10/28/98), 723 So.2d 965.
IfiLa. C.C.P. art. 222 defines direct contempt of court as follows, in pertinent part:
A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge....
Any of the following acts constitutes a direct contempt of court:
[[Image here]]
(3) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a pleading, brief, or other document filed with the court in irrelevant criticism of another attorney or of a judge or officer of the court.... [Emphasis added.]
La. C.C.P. art. 223 provides:
A person who has committed a direct contempt of court may be found guilty and punished therefor by the court forthwith, without any trial other than affording him an opportunity to be heard orally by way of defense or mitigation. The court shall render an order reciting the facts constituting the contempt, adjudging the person guilty *896 thereof, and specifying the punishment imposed.
La. C.C.P. art. 224 defines constructive contempt as follows, in pertinent part:
A constructive contempt of court is any contempt other than a direct one. Any of the following acts constitutes a constructive contempt of court:
[[Image here]]
(2)Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court:
[[Image here]]
(10) any other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, and which is not a direct contempt.
Direct contempt is committed in the presence of the Court, and constructive contempt is committed outside of the presence of the Court. DeGruy v. DeGruy, 98-1416 (La.App. 4 Cir. 1/27/99), 728 So.2d 914. Willful disobedience of a court 17order constitutes constructive contempt of court. La. C.C.P. art. 224(2); In re Jones, 10-66 (La.App. 5 Cir. 11/9/10), 54 So.3d 54, writ not considered, 10-2738 (La.2/4/11), 56 So.3d 979.
To find a person guilty of constructive contempt, it is necessary to find that he or she violated the order of court intentionally, knowingly and purposefully, without justifiable excuse. Brunet, supra.
A trial court is vested with great discretion in determining whether circumstances warrant holding a party in constructive contempt of court pursuant to La. C.C.P. article 224 for willful disobedience of a court order. South East Auto Dealers Rental Ass’n, Inc. v. EZ Rent To Own, Inc., 09-0011 (La.App. 4 Cir. 6/30/10), 42 So.3d 1094, writ denied, 10-1810 (La.10/29/10), 48 So.3d 1093.
The record reflects that the domestic commissioner granted a motion to compel on January 18, 2011 ordering Ms. Short to answer interrogatories propounded by Mr. Short, and that Ms. Short provided rude and insulting comments, and refused to answer two of those interrogatories. Thereafter, the domestic commissioner held contempt proceedings in which he found Ms. Short to be in contempt for her failure to abide by the court’s order compelling her to answer discovery. In his reasons for judgment, the domestic commissioner stated, “These responses [to Interrogatory 9 and Interrogatory 11] demonstrate a total disregard for the hon- or and dignity of this court, on the part of Pamela Short and actually serves to diminish the honor and dignity of the court. This behavior is found to be reprehensible and should never be tolerated.”
Considering the facts as presented, we find no abuse of the trial court’s discretion in holding Ms. Short in constructive contempt.
In this appeal, Ms. Short alleges that the domestic commissioner erred in finding her in constructive contempt and in imposing jail time without a court 18order, charging that his order of January 18, 2011 did not specify what discovery she was to produce. We find no merit to this allegation. Ms. Short was clearly aware that she was ordered to answer the interrogatories and requests for documents propounded by Mr. Short, and she certainly should have known that her offensive and rude comments did not comply with the court’s order.
Ms. Short next contends that the court should not have found her in contempt and imposed jail time for a failure to comply with discovery. We disagree. La. C.C.P. *897 art. 1471 sets forth the sanctions available for a party’s failure to comply with court-ordered discovery. One such sanction is to find a party in contempt of court. La. C.C.P. art. 1471(A)(4).
Ms. Short further contends that she was denied due process, alleging that there was no contradictory hearing in which she was allowed to present evidence. However, the record shows that a hearing on the motion for contempt was held on March 21, 2011, but Ms. Short failed to appear. Ms. Short’s attorney, who was present at the hearing, stated that the responses in question were typed by an unknown secretary, and that she filed the responses without first reading them. The domestic commissioner found, however, that Ms. Short did not call any witnesses to support this contention, that the answers propounded were those of Ms. Short (and presumably not her attorney), and that there was no evidence to support otherwise. Again, we find no abuse or error in this determination of the domestic commissioner. We find that Ms. Short’s due process rights were not violated and that she was given an opportunity to present a defense in this matter.
We therefore affirm the ruling finding Ms. Short in contempt for failure to comply with a court order, and ordering her to serve 48 hours in Jefferson Parish Prison. Ms. Short is to bear the costs of this appeal.

AFFIRMED

. The previous appeals and writ applications in this case, all under the name Short v. Short, are as follows: (1) 08-637 (La.App. 5 Cir. 8/15/08), writ denied (unpublished writ disposition); (2) 09-416 c/w 09-639 c/w 09-640 (La.App. 5 Cir. 3/23/10), 33 So.3d 988, affirmed in part, reversed in part, and remanded, writ denied, 2010-1086 (La.9/3/10), 44 So.3d 688; (3) 11-3 (La.App. 5 Cir. 10/25/11), 77 So.3d 405, affirmed, writ denied, 2011-2635 (La.2/10/12), 80 So.3d 472; (4) 11-493 (no disposition rendered after denial of extension to supplement application); (5) 11-1084 (La.App. 5 Cir. 5/22/12), 96 So.3d 552.

. INTERROGATORY NUMBER NINE: Are you expense sharing with your boyfriend? If so, please provide a listing, including a description and the amount, of any and all expenses that you are sharing.

. INTERROGATORY NUMBER ELEVEN: Please state the amount of your boyfriend’s gross monthly income.