| SUCCESSION OF ALMA A. BAILEY | * | NO. 2020-CA-0145 |
| --- | --- | --- |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 1998-10257, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
\* \* \* \* \* \*
**Judge Edwin A. Lombard**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Rosemary Ledet, Judge Tiffany G. Chase)


Donovan R. Francis
365 Canal St., Suite # 2610
New Orleans, LA 70130


    COUNSEL FOR APPELLANT


                                                    **AFFIRMED**


        **NOVEMBER 18, 2020**

EAL

RML

TGC

Tracey Ann Henry seeks review of the December 9, 2019 judgment of the district court, which found her in constructive contempt of court. Finding that the district court did not abuse its vast discretion, we affirm the judgment of the district court.

## Facts and Procedural History

On May 15, 1998, Alma A. Bailey died testate in New Orleans. A succession was opened in June 1998, in New Orleans. Ms. Henry, who is the granddaughter of Ms. Bailey, was appointed as the executrix of said succession.

Although Ms. Henry maintains that the administration of the succession "was plagued by a series of questionable conduct on the part of legatees," she admits that for various reasons she failed to provide a thorough accounting during her two-decade tenure as executrix. This led to other legatees intervening in the succession proceedings.

Specifically, on June 29, 2018, Ms. Henry and Brenda Gaines, a legatee and daughter of Ms. Bailey, entered into a Consent Judgment wherein Ms. Gaines

1

agreed to allow Ms. Henry "to provide an accounting and distribution and Tableau within 60 days." Ms. Henry failed to comply.

A year later, in June 2019, Ms. Gaines filed a "Rule for Contempt and Motion to Remove Executrix," alleging that Ms. Henry engaged in the following behaviors in contravention of the provisions of Louisiana Code of Civ. Proc. art. 3182:[1]

- mismanaged the estate;

- failed to account for assets and income of the estate;

- improperly disposed of assets of the estate without Court authority or approval;

- failed to include assets in the Descriptive List; and,

- further breached her fiduciary duties to the heirs and legatees by failing to notify them of their rights.

Following a hearing, Ms. Henry was removed as the executrix and was found in contempt of court by judgment dated August 7, 2019. She was further ordered to pay attorney's fees, costs and other fees associated with the filing of the rule for contempt. Ms. Gaines was thereafter appointed as the administratix.

In October 2019, Ms. Gaines filed a second rule for contempt against Ms. Henry. Ms. Gaines pleaded that subsequent to the August 7, 2019 contempt ruling, Ms. Henry failed to comply with the district court's orders to provide an accounting, surrender the property of the estate, and deposit funds into the registry of the court. Seeking the imposition of penalties, including imprisonment and

---

[1] The record reflects that Ms. Gaines erroneously cited this article as La. Code Civ. Proc. art. 318 in her rule for contempt.

fines, Ms. Gaines again requested Ms. Henry be found in contempt of court for her lack of compliance.

At the November 22, 2019 hearing, the record reflects that newly-enrolled counsel for Ms. Henry admitted that she failed to comply with the previous orders of the court, but contended Ms. Henry is a perfectionist who wanted to submit a detailed accounting. Ms. Gaines' attorney argued in response that Ms. Henry should be imprisoned due to the lengthiness of her noncompliance and in consideration of the rule being the second contempt judgment sought against her.

Counsel for Ms. Henry pleaded with the Court to avoid imprisoning his client, but instead allow her to produce all the bank statements and have any monies deposited into the registry of the court within 10 to 15 days of the hearing. Taking his suggestion into consideration, the district court issued an order for an attachment for Ms. Henry to come to court on December 13, 2019, which would be moot if she complied with the pending orders of providing an accounting and depositing all monies belonging to the estate before the hearing. Additionally, the district court awarded Ms. Gaines $500 in attorney's fees, costs and other associated fees. The record does not reflect that Ms. Henry complied. This timely appeal followed.

## Issues Raised

The Appellant raises four issues for review:

1. The lower court erred in finding her in criminal contempt of court without applying the appropriate burden of proof.

2. The lower court erred in finding her in criminal contempt of court without a finding, beyond a reasonable doubt, that she willfully disobeyed a court order "intentionally, knowingly, and purposefully, without justifiable excuse."

3. The lower court erred in ordering her to pay the attorney fees and costs associated with the filing of the second rule for contempt.

4. The lower court erred in ordering her to relinquish all property of the estate and provide an accounting within a matter of days, without giving due consideration to the effort required to provide a thorough and complete accounting of all assets and liabilities of the estate.

## Standard of Review

Trial courts are "vested with great discretion in determining whether a party should be held in contempt for disobeying a court order and the court's decision should be reversed only when the appellate court discerns an abuse of that discretion." *Laborde v. Laborde*, 19-0634, pp. 3-4 (La.App. 4 Cir. 5/6/20), 299 So.3d 657, 660, *writ denied*, 20-0686 (La. 9/29/20), 301 So.3d 1193 (citing *State, through Dep't. of Children & Family Servs., Child Support Enforcement v. Knapp*, 16-0979, p. 14 (La.App. 4 Cir. 4/12/17), 216 So.3d 130, 140; *see also Short v. Short*, 12-312, p. 7 (La.App. 5 Cir. 11/13/12), 105 So.3d 892, 896 [holding that trial courts are specifically vested with great discretion in determining whether circumstances warrant holding a party in constructive contempt of court under La. Code Civ. Proc. art. 224 for willful disobedience of a court order]. "Only if the appellate court finds an abuse of that discretion will a trial court's contempt ruling be reversed." *Id.,* 19-0634, p. 4, 299 So.3d at 660 (quoting *Schmidt v. Schmidt*, 18-0202, p. 6 (La.App. 1 Cir. 1/3/19), 270 So.3d 804, 809 [citations omitted]).

4

Applying the abuse of discretion standard in this matter, we affirm the judgment of the district court.

## Criminal Contempt

The underlying premise of Ms. Henry's appeal is that the district court found her in criminal contempt, instead of civil. Consequently, she avers the district court failed to apply the correct standard of proof and failed to make a finding beyond a reasonable doubt that she disobeyed a court order "intentionally, knowingly, and purposefully, without justifiable excuse." We disagree, finding Ms. Henry was determined to be in civil contempt due to her decades-long failure to produce an accounting of the estate and to return property of the estate, for the reasons discussed below.

Contempt of court proceedings are either criminal or civil. *Dazet Mortg. Sols. LLC v. Faia*, 12-486, p. 7 (La.App. 5 Cir. 4/10/13), 116 So.3d 711, 717 (citing *Billiot v. Billiot*, 01-1298, p. 4 (La.1/25/02), 805 So.2d 1170, 1173). Under the Louisiana Code of Civil Procedure, contempt of court is defined as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La. Code Civ. Proc. art. 221. There are two types of contempt: direct and constructive. *Id.* Constructive contempt of court is any contempt other than a direct one. La. Code Civ. Proc. art. 224.[2] Moreover, numerous acts may constitute constructive

---

[2] Direct contempt, however, is either a contumacious act "committed in the immediate view and presence of the court and of which it has personal knowledge" or "a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record." *Streiffer v.*

5

contempt, including "[w]illful disobedience of any lawful judgment, order, mandate, writ, or process of the court"; and "[a]ny other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, and which is not a direct contempt." La. Code Civ. Proc. art. 224 (2) and (10).

A person may be punished for committing constructive contempt of court only after a rule for contempt has issued and he or she has been allowed at least 48 hours to prepare his defense. La. Code Civ. Proc. art. 225(A); Official Revision Comments (a). Article. 225 (A) provides in pertinent part:

> Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt. . . . In all other cases, a certified copy of the motion, and of the rule to show cause, shall be served upon the person charged with contempt in the same manner as a subpoena at least forty-eight hours before the time assigned for the trial of the rule.

The article mandates that the rule to show cause must state with specificity the alleged contemptuous actions of the person charged.

At issue in the instant appeal is a matter of constructive contempt caused by Ms. Henry's prolonged noncompliance with district court orders. The record reflects that the procedures outlined in La. Code Civ. Proc. art. 225 were followed.

---

*Deltatech Constr., LLC*, 19-0990, p. 5 (La.App. 4 Cir. 3/25/20), 294 So.3d 564, 570 (quoting La. Code Civ. Proc. art. 222).

First, Ms. Gaines' second rule for contempt specifically set forth Ms. Henry's alleged failure to obey district court orders, as previously explained above. Additionally, the district court set the required show cause hearing approximately a month from the date the second rule for contempt was filed. Therefore, Ms. Henry had well beyond 48 hours to prepare her defense or *to comply with the standing orders*. She does not assert that she was not timely served with notice of said proceeding.

At the hearing on the second rule for contempt, counsel for Ms. Gaines asserted, as she had in her rule, the undue delay caused by Ms. Henry's failure to provide an accounting, constant changing of counsel and failure to return assets of the estate. The demand for Ms. Henry's imprisonment, under La. Code Civ. Proc. art. 226,[3] was made within the second rule of contempt and at the hearing. However, the district court, faced with newly-enrolled counsel for Ms. Henry at the show cause hearing, crafted a ruling requiring compromise on behalf of the parties.

Ms. Henry avoided imprisonment, and was given more time to provide the long-overdue accounting and deposit funds within the registry of the court. However, the Court further mandated that an attachment would issue for her arrest should she fail to comply with the new deadline. Thus, it was within Ms. Henry's power to make the attachment portion of the order moot by timely complying.[4] The purpose of the judgment was to make Ms. Henry comply, as opposed to

---

[3] "When a contempt of court consists of the omission to perform an act which is yet in the power of the person charged with contempt to perform, he may be imprisoned until he performs it, and in such a case this shall be specified in the court's order." La. Code Civ. Proc. art. 226.

[4] Notably, Ms. Henry did not challenge the judgment of contempt rendered against her in July 2019, just a few months prior to the judgment at issue, involving the same conduct and also awarding associated fees and costs.

punitively imprisoning her and fining her outright. This is consistent with the jurisprudence on civil contempt proceedings.

Recently, in *Streiffer v. Deltatech Constr., LLC*, 19-0990 (La.App. 4 Cir. 3/25/20), 294 So.3d 564, we explained that in determining whether the true nature of a contempt is criminal or civil, it is the penalty imposed that must be examined:

> Ultimately, however, the dispositive inquiry is the nature of the punishment imposed—that is, whether the punishment is remedial or punitive. If remedial, the contempt is civil; if punitive, the contempt is criminal.
>
> [T]he critical features are the substance of the proceeding and the character of the relief that the proceeding will afford. "If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911).

*Id.*, 19-0990, pp. 7-8, 294 So.3d at 571-72 [emphasis added].

Criminal and civil contempt proceedings employ differing procedural safeguards, with civil proceedings being less stringent:

> The distinction between criminal and civil contempt is determinative of the procedural safeguards required by the federal constitution. "Criminal contempt is a crime in every fundamental respect, and the defendant in a criminal contempt proceeding is entitled to the basic constitutional protections such as the presumption of innocence, the right to proof of guilt beyond a reasonable doubt, and the right not to be compelled to testify against himself." *In re Milkovich*, 493 So.2d 1186, 1189 (La.1986) (citing *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968)).

*Id.,* 19-0990, p. 8, 294 So.3d at 572.

In contrast, "a civil contemnor is entitled only to notice and an opportunity to be heard; and the burden of proof is by a preponderance of the evidence." *Id.*, 19-0990, p. 9, 294 So.3d at 573 (citing *Int'l Union, United Mine Workers of Am. v.*

*Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 2557, 129 L.Ed.2d 642 (1994) [reasoning that unlike criminal contempt sanctions, "civil contempt sanctions ... may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard" and that, thus, "[n]either a jury trial nor proof beyond a reasonable doubt is required."]).

We find that Ms. Henry is indeed a civil contemnor, who was given notice and an opportunity to be heard pursuant to La. Code of Civ. Proc. art. 225(A). The judgment levied against her was remedial in nature, seeking her compliance with a long-standing order and incentivizing her to comply with the issuance of an attachment. The district court did not abuse its discretion is granting Ms. Gaines' second rule for contempt.

We further find, that under the facts presented, the district court did not abuse its discretion in ordering Ms. Henry to relinquish all property of the estate and provide an accounting within a limited time frame in consideration of her lengthy history of non-compliance with court orders following her failure to perform her duties as the executrix for two decades.

Lastly, Ms. Henry contends that the district court erred in awarding attorney's fees and costs against her in the contempt judgment. We also find this argument to be without merit.

Under La. Code Civ. Proc. art. 227, a court *may* impose penalties upon a person adjudged guilty of contempt of court in accordance with La. Rev. Stat. 13:4611, which states in pertinent part:

> Except as otherwise provided for by law:
>
> (1) The supreme court, the courts of appeal, the district
>     courts, family courts, juvenile courts and the city

courts *may* punish a person adjudged guilty of a contempt of court therein, as follows:

\* \* \*

(g) The court may award attorney fees to the prevailing party in a contempt of court proceeding provided for in this Section. [Emphasis added].

The aforementioned statute specifically allows for the recovery of an award attorney's fees to the prevailing party in a contempt of court proceeding at the district court's discretion. The statute, however, is silent as to an award of costs.

Nevertheless, La. Code Civ. Proc. art. 1920 provides that "[e]xcept as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." An award of costs under art. 1920 is not in conflict with La. Rev. Stat. 13:4611, nor with La. Code Civ. Proc. art. 227, as the permissive "may" in both said statute and article indicates that the district court has the discretion to award the relief prescribed therein and is therefore not limited to the relief enumerated in the statute.[5] Thus, we do not find that the district court abused its discretion in ordering Ms. Henry to pay attorney's fees and costs. This assignment of error lacks merit.

**DECREE**

For the foregoing reasons, the December 9, 2019 judgment of the district court, which found Tracey Ann Henry in constructive contempt of court, is affirmed.

---

[5] The initial point for the interpretation of any statute is the language of the law itself. *Rabalais v. Nash*, 06-0999, p. 11 (La. 3/9/07), 952 So.2d 653, 661. "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language." La. Rev. Stat. 1:3.

**AFFIRMED**