KHALID ATAYA

VERSUS

NISA SUANPHAIRIN

NO. 22-CA-228

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 760-773, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING


February 01, 2023


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Hans J. Liljeberg


**CONTEMPT OF COURT JUDGMENT VACATED; MATTER
REMANDED**
    **JGG**
    **FHW**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
NISA SUANPHAIRIN
        Richard L. Ducote
        Victora McIntyre

**GRAVOIS, J.**

Defendant/appellant, Nisa Suanphairin, appeals the domestic commissioner's written judgment of January 14, 2022, made final by the district court's written judgment of February 22, 2022, which found her in contempt of court for failing to return the parties' minor children to their father, plaintiff Khalid Ataya, as ordered by the domestic commissioner on October 14, 2021. On appeal, Ms. Suanphairin argues that the domestic commissioner's contempt of court judgment was rendered in violation of her due process rights because she was never properly served nor noticed with Mr. Ataya's Rule for Contempt, and therefore could not be tried *in absentia* while represented by a curator *ad hoc*.

For the following reasons, we find merit to Ms. Suanphairin's arguments on appeal. Accordingly, we vacate the domestic commissioner's written judgment of January 14, 2022, made final by the district court's written judgment of February 22, 2022, which found Ms. Suanphairin in contempt of court, and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This case involves dueling petitions for protection from domestic abuse filed against each other by Mr. Khalid Ataya, plaintiff herein, and Ms. Nisa Suanphairin, defendant herein, who were divorced and are the parents of two minor children. The domestic abuse petitions were first filed in 2016.

Pertinent to this appeal, on October 14, 2021, in open court while both parties and their counsel were present, the domestic commissioner, Hon. Reuben J. Bailey, ordered Ms. Suanphairin to return the parties' minor children—ages 6 and 4, respectively, at the time—to Mr. Ataya pursuant to a valid and in-force custody order between the parties. A written order was entered to that effect, setting the location for the custody exchange to be at the Kenner Police Station later that

evening.[1]  Ms. Suanphairin failed to appear for the custody exchange as ordered. The next day, October 15, 2021, Mr. Ataya filed a Request for Civil Warrant, which the domestic commissioner granted that day, directing and authorizing the Jefferson Parish Sheriff's Office, or any other law enforcement agency in the state of Louisiana, to locate said minor children, remove them from Ms. Suanphairin's custody, and immediately return them to their father, Mr. Ataya.  On October 18, 2021, Mr. Ataya filed a Rule for Contempt against Ms. Suanphairin, arguing that she should be held in contempt of court for violating the domestic commissioner's October 14, 2021 Order by intentionally and willfully not returning the children to Mr. Ataya as ordered, and that she should be sanctioned to the fullest extent of the law, including incarceration and payment of Mr. Ataya's attorney's fees and court costs for the filing of the Rule for Contempt.  The Rule for Contempt also prayed for the appointment of an attorney to represent Ms. Suanphairin in connection with the Rule for Contempt, who was alleged to have disappeared following the October 14, 2021 hearing.[2]  A hearing on the Rule for Contempt was set for January 6, 2022.  The rule was served upon Tracy Sheppard, the attorney/curator *ad hoc* whom the court appointed to represent Ms. Suanphairin since she was absent and unrepresented.

Meanwhile, on October 19, 2021, Ms. Suanphairin, in proper person, filed an objection to the domestic commissioner's order of October 14, 2021.  A hearing on the objection was set before the district court for November 9, 2021.  On November 22, 2021, the district court signed a written judgment dismissing Ms. Suanphairin's objection to the domestic commissioner's order of October 14, 2021 with prejudice for her failure to appear at the November 9, 2021 hearing thereon.

---

[1] This Order was confirmed by the district court by Order dated October 28, 2021.

[2] According to the Rule for Contempt, Ms. Suanphairin terminated her attorney following the October 14, 2021 hearing and told the court that she would be representing herself.

The record indicates that several notes of evidence were filed on January 5, 2022 by Ms. Sheppard, the attorney/curator *ad hoc* appointed to represent Ms. Suanphairin, including certified mailings addressed to Ms. Suanphairin at two different addresses and emails to both her and her former counsel. In her filing, Ms. Sheppard stated that Ms. Suanphairin did not respond to these notices and that she was unable to locate her.

The scheduled hearing on the Rule for Contempt was held on January 6, 2022, in front of the domestic commissioner, Hon. Reuben J. Bailey. Present in court were Mr. Ataya and his counsel; the curator *ad hoc* appointed for Ms. Suanphairin appeared via Zoom. Mr. Ataya testified regarding Commissioner Bailey's order issued in open court on October 14, 2021, in the presence of Ms. Suanphairin and her counsel, ordering her to return the children to Mr. Ataya that evening at the Kenner Police Station. He testified that Ms. Suanphairin did not appear as ordered, and that he had not seen the minor children since May of 2021, nor had he been able to contact them or Ms. Suanphairin. At the conclusion of the hearing, Commissioner Bailey found Ms. Suanphairin to be in contempt of court and ordered her to pay a fine of $500.00. He also ordered that she be immediately imprisoned at the Jefferson Parish Jail for a period of 90 days without the possibility of parole, probation, or early release. Ms. Suanphairin was also ordered to pay $125.00 in court costs and Mr. Ataya's attorney's fees, in the amount of $1,386.00, associated with the filing of the Rule for Contempt. The curator *ad hoc* objected to the ruling, which was duly noted. A written judgment to this effect was signed by the domestic commissioner on January 14, 2022.

On January 12, 2022, the appointed curator *ad hoc*, on behalf of Ms. Suanphairin, filed an objection to the domestic commissioner's January 6, 2022 oral ruling which found Ms. Suanphairin in contempt of court. Therein, the curator *ad hoc* revealed that on January 11, 2022, she had received an email from Ms.

Suanphairin, the absent defendant, in response to her emails on December 10, 2021 and January 4, 2022, wherein Ms. Suanphairin stated that she "opposed all matters." Pursuant to the objection, a hearing *de novo* was set for February 9, 2022 in front of the district court. At that hearing, the district court dismissed Ms. Suanphairin's objection because she failed to appear at the hearing. Commissioner Bailey's oral ruling of January 6, 2022 was made a final judgment by the district court by written judgment signed on February 22, 2022.

The following day, February 23, 2022, Ms. Suanphairin, through newly enrolled counsel, filed a motion for appeal from the domestic commissioner's written judgment of January 14, 2022, made final by the district court's written judgment of February 22, 2022. The motion for appeal was granted the following day, February 24, 2022.[3] This appeal followed.[4]

## **ASSIGNMENT OF ERROR**

On appeal, Ms. Suanphairin argues that the domestic commissioner's judgment was rendered in violation of her due process rights because she was never properly served nor noticed with the Rule for Contempt, and therefore could not be tried *in absentia* while represented by a curator *ad hoc*.

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. *Barrett v. Barrett*, 20-266 (La. App. 5 Cir. 2/24/21), 314 So.3d 1023, 1037; La. C.C.P. art. 221. Contempt of court can be direct or constructive. *Id.* Constructive contempt is defined in part as the willful disobedience of any lawful judgment or order of the court. *Id.* La. C.C.P. art.

---

[3] The motion for appeal also requested a stay of the imposition of the contempt sentence, which request was denied by the district court.

[4] It is noted that appellee, Mr. Ataya, has not filed a brief in this matter, and his counsel has withdrawn from representation in this Court.

224.[5] To find a person guilty of constructive contempt, it is necessary to find that he violated the order of court intentionally, knowingly and purposefully, without justifiable excuse. *Id.*, citing *Short v. Short*, 12-312 (La. App. 5 Cir. 11/13/12), 105 So.3d 892, 896. A trial court is vested with great discretion in determining whether circumstances warrant holding a party in constructive contempt of court pursuant to La. C.C.P. art. 224 for willful disobedience of a court order. *Id.*

A contempt proceeding incidental to a civil action is civil in nature, if the purpose is to force compliance with a court order, but it is criminal if the trial judge's primary purpose in imposing the sentence is to punish disobedience of a court order. *Parish of Jefferson v. Lafrieniere Park Foundation*, 98-345 (La. App. 5 Cir. 9/15/98), 720 So.2d 359, 364. A contempt proceeding ancillary to a civil proceeding assumes the quality of a criminal or quasi-criminal proceeding only after a criminal sentence is imposed. *Swan v. Swan*, 35,393 (La. App. 2 Cir. 12/7/01), 803 So.2d 372, 375, citing *Fontana v. Fontana*, 426 So.2d 351 (La. App. 2d Cir. 1983), *writ denied*, 433 So.2d 150 (La. 1983). When a determinate sentence is rendered without setting conditions for the contemnor to avoid the sentence imposed or purge himself of it, the punishment is criminal in nature and cannot be imposed unless federal constitutional protections are applied in the contempt proceeding. *Id.* A judgment of contempt is deemed criminal when the court imposes a determinative sentence which does not contain a "purge clause." *Greenidge v. Greenidge*, 90-492 (La. App. 5 Cir. 12/12/90), 571 So.2d 905, 907.

If the sentence for contempt is a determinate one, then the punishment is criminal in nature, and it may not be imposed unless federal constitutional protections are applied in the contempt proceeding. *Robards v. Robards*, 01-1100

---

[5] Specifically, La. C.C.P. art. 224 provides, in pertinent part, that "[a]ny of the following acts constitutes a constructive contempt of court: … (2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court; …".

(La. App. 5 Cir. 1/29/02), 807 So.2d 1111, 1113, citing *Hicks v. Feiock*, 485 U.S. 624, 637, 108 S.Ct. 1423, 1433, 99 L.Ed.2d 721, 735 (1988). Since criminal contempt is criminal in nature, the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution protects a defendant in a criminal proceeding against conviction upon proof beyond a reasonable doubt of every fact necessary to constitute the contempt charge. *Turbine Powered Tech., LLC v. Crowe*, 21-0351 (La. App. 1 Cir. 10/7/21), 330 So.3d 1116, 1124, citing *Dauphine v. Carencro High School*, 02-2005 (La. 4/21/03), 843 So.2d 1096, 1108. Furthermore, a person charged with a crime is entitled to written notice of the charges against him. *Id.* Proceedings for contempt must be strictly construed, and the policy of our law does not favor extending their scope. *Estate of Graham v. Levy*, 636 So.2d 287, 290 (La. App. 1 Cir. 1994), *writ denied*, 94-1202 (La. 7/1/94), 639 So.2d 1167.

In a criminal contempt proceeding, a defendant may not be tried *in absentia* without representation. *Turbine*, 330 So.3d at 1124. In *Turbine*, the court found it relevant that the appellants were never present for the contempt proceeding and had no opportunity to present a defense to the charges against them, concluding that "[u]nless the appellants are given the opportunity to be present for the contempt proceedings against them, the proceedings cannot take place." *Id.*[6]

In the present case, the domestic commissioner found Ms. Suanphairin in constructive contempt of court for failing to obey his order to exchange custody and sentenced her to a $500 fine and 90 days in jail (flat time). The record reflects that Ms. Suanphairin was not present in court at the hearing before the domestic commissioner on the Rule for Contempt, nor had she been served or given written notice of the contempt proceeding. The flat time sentence in this case made this

---

[6] The court in *Turbine* also found that notice of the contempt charges mailed to counsel for the defendants, but not mailed to the defendants themselves, did not satisfy the defendants' statutory right to receive written notice of the charges. *Supra*, 330 So.3d at 1124.

proceeding quasi-criminal, for which Ms. Suanphairin is entitled to the application of federal constitutional protections, as noted above.

Although a curator *ad hoc* had been appointed to represent Ms. Suanphairin, the absent defendant, a curator's powers and duties are limited. Under the circumstances presented, we find that such appointed and limited representation, although authorized under the Louisiana Code of Civil Procedure, does not satisfy the constitutional requirements due to a defendant in a criminal contempt proceeding.[7]

In light of the above, we are constrained to vacate the contempt of court judgment under review and remand the matter for further proceedings.[8]

## DECREE

For the foregoing reasons, the domestic commissioner's written judgment of January 14, 2022, made final by the district court's written judgment of February 22, 2022, which found Ms. Nisa Suanphairin in contempt of court, is vacated, and the matter is remanded for further proceedings.

**CONTEMPT OF COURT JUDGMENT VACATED; MATTER REMANDED**

---

[7] Compare *Moffett v. Moffett*, 40,161 (La. App. 2 Cir. 9/21/05), 911 So.2d 928, in which the court held that the appointment of a curator to represent a nonresident father, and service of process on the father via the curator after unsuccessful attempts to locate him, did not violate his due process, upholding a judgment finding the father in contempt of court for nonpayment of child support and arrearages. We find, however, that *Moffett* is distinguishable from the present case in that Mr. Moffett was held in civil contempt, not in criminal contempt.

[8] Although the contempt of court judgment under review is vacated in full, it appears that it was error for the domestic commissioner to order Ms. Suanphairin to pay Mr. Ataya's attorney's fees as part of the contempt of court judgment. In *In re Succession of Horrell*, 07-1533 (La. App. 4 Cir. 10/1/08), 993 So.2d 354, 366-67, *writ denied*, 08-2880 (La. 3/6/09), 3 So.3d 482, and *writ denied*, 08-2889 (La. 3/6/09), 3 So.3d 482, the court found that the statutory scheme governing contempt and sanctions does not authorize the court to redress a recalcitrant party's failure to comply with the court's order by ordering the payment of the opposing party's attorney's fees. The court then amended the portion of the judgment awarding a monetary payment to the Horrells' attorneys from $100,000 to $500.00, found that the payment was actually a fine, and ordered that the payment be made payable the Orleans Parish Civil District Court.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-228**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
GORDON J. KUEHL (APPELLEE)    JEFFREY M. HOFFMAN (APPELLEE)    RICHARD L. DUCOTE (APPELLANT)
VICTORA MCINTYRE (APPELLANT)

### MAILED
KHALID ATAYA  (APPELLEE)
5855 WALNUT CREEK ROAD
APARTMENT D328
RIVER RIDGE, LA 70123