STATE OF LOUISIANA, DIVISION OF
ADMINISTRATION, OFFICE OF
COMMUNITY DEVELOPMENT - DISASTER
RECOVERY UNIT

VERSUS

ESTENIO JOSEPH AND ELINA JOSEPH

NO. 22-CA-65

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 792-503, DIVISION "M"
HONORABLE SHAYNA BEEVERS MORVANT, JUDGE PRESIDING

December 21, 2022

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, Marc E. Johnson, Robert A. Chaisson, Stephen J. Windhorst, Hans J.
Liljeberg, and John J. Molaison, Jr.

**JUDGMENT VACATED; MATTER REMANDED**
    **RAC**
    **SMC**
    **JGG**
    **MEJ**
    **SJW**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF
COMMUNITY DEVELOPMENT - DISASTER RECOVERY UNIT
("OCD-DRU")
   William J. Wilson
   John C. Walsh
   Mary C. Cali
   John C. Conine, Jr.

COUNSEL FOR DEFENDANT/APPELLANT,
CHRISTOPHER H. SZETO
   Christopher H. Szeto

COUNSEL FOR DEFENDANT/APPELLEE,
ESTENIO JOSEPH AND ELINA JOSEPH
   Christopher H. Szeto

**CHAISSON, J.**

Attorney Christopher H. Szeto appeals a December 2, 2021 judgment of the trial court that found him in contempt of court and ordered him to report to the Louisiana Office of Disciplinary Counsel and pay the costs of the rule and the judgment. For the following reasons, we vacate the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

Mr. Szeto represents various defendants in actions brought by the State of Louisiana, Division of Administration, Office of Community Development - Disaster Recovery Unit, to enforce a $30,000 liquidated damages provision contained in an Elevation Incentive Agreement, a contract signed as part of the Road Home program in the aftermath of Hurricane Katrina that required homeowners to elevate their homes in exchange for funds from the state. Following delays due to Hurricane Ida, two of these cases, which each involved different defendants, were set on October 13, 2021, for the hearing on defendants' exceptions of peremption.

The trial court issued a ruling on the first of these matters, *State v. Lakeshia Johnson*, denying the exception of peremption, after which the judge called the attorneys to a bench conference. While Mr. Szeto was in conference, his associate, Mr. Dunbar, walked over to the clerk of court's office and filed a Notice of Intent to Apply for Supervisory Writ, Request for Return Date, and Motion for Stay in both the *Johnson* matter, which the trial court had just ruled on, and the other matter, *State v. Estenio Joseph, et al.*, that had not yet been heard or ruled upon by the trial court. Rather than hearing the *Joseph* matter after the bench conference, the trial court continued it for a status hearing on November 5, 2021.

On October 25, 2021, the trial court, on its own motion pursuant to La. C.C.P. arts. 224 and 225, issued a Rule to Show Cause to determine if Mr. Szeto was in constructive contempt of court for improperly filing the Notice of Intent,

failing to respond to lengthy voice mail messages from the Division "M" law clerk, failing to respond to pages from the Division "M" bailiff to report to Division "M" and for failing to voluntarily withdraw or tender the original Notice of Intent.

On the same day, October 25, 2021, Mr. Szeto sent a letter formally withdrawing the Notice of Intent to seek a supervisory writ that was erroneously filed in the *Joseph* matter. In his memorandum regarding constructive contempt filed prior to the hearing on the matter, Mr. Szeto apologized to the court for the filing and explained that it was made in error while attempting to comply with the court's prior instruction to be more timely with filings in the Road Home cases. Mr. Szeto also represented that the problems due to lack of communication were not intentional, but rather due to technical issues with his phone provider. He provided emails and invoices from his phone providers as evidence of the problems he was experiencing.

Following a hearing on the rule, the trial court issued a judgment against Mr. Szeto. The trial court specifically found Mr. Szeto to be in constructive contempt of court "because his actions interfered with the orderly administration of justice and impaired the dignity of the court and respect for its authority on each of the following instances:

1. Filing a Notice of Intent to Seek Supervisory Writ containing false information;

2. Failing to provide the original document to the court, having taken same out of the clerk's office after indicating it would be "walked through;"

3. Failing to voluntarily withdraw the improper Notice of Intent to Seek Supervisory Writ; and

4. Failing to report to Division "M" after being ordered to do so.

As a sanction for these findings[1], the trial court ordered Mr. Szeto to report to the Louisiana Office of Disciplinary Counsel and ordered him to bear the costs of the Rule to Show Cause, including service and filing of the judgment.

In its order granting a suspensive appeal of the judgment of contempt, the trial court additionally stated, "[t]his court finds the sanction issued was not monetary and the costs of the proceedings are covered by the paying of the estimated costs as ordered herein. This court specifically finds the entirety of the record to be relevant to the contempt as it demonstrates counsel's propensity for delay, and verifies the false certifications in violation of La. C.C.P. art. 863."

On appeal, Mr. Szeto argues that the trial court legally erred in holding him in constructive contempt. In particular, he argues that the trial court erred by applying a "preponderance of the evidence" burden of persuasion rather than a "beyond a reasonable doubt" burden of persuasion in what was, in effect, a criminal contempt hearing. Mr. Szeto also argues that the trial court legally erred in finding him to be in constructive contempt because there was no written or oral orders made in open court demanding that he withdraw the Notice of Intent, return the original documents, or report to Division "M" chambers. We consider these arguments in our discussion below.

**DISCUSSION**

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. La. C.C.P. art. 221. A contempt of court may be direct or constructive. *Id*. La. Code of Civil Procedure article 224 defines constructive contempt, including the following: "(4) Deceit or abuse of the process or procedure

---

[1] In a footnote to the trial court's analysis in its written reasons for judgment, but not clearly made part of its order or decree, the judge stated, "[t]his court finds that Mr. Szeto was in constructive contempt for failing to return any phone calls and/or appear in Division "M" after being ordered to do so." It is unclear exactly to which phone calls the trial court is referring; in its Rule to Show Cause, the trial court states that some calls made to Mr. Szeto's office by the Clerk's Office and Division "M" law clerk were returned by Mr. Szeto's office.

of the court by a party to an action or proceeding, or by his attorney;" and "(10) Any other act or omission punishable by law as contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, and which is not direct contempt." Generally, a trial court is vested with great discretion in determining whether circumstances warrant holding a party in constructive contempt of court pursuant to La. C.C.P. art. 224. *Short v. Short*, 12-312 (La. App. 5 Cir. 11/13/12), 105 So.3d 892, 896. Proceedings for contempt must be strictly construed, and should not be resorted to where other remedies are provided by law. *Hardy v. Hardy*, 99-0283 (La. App. 4 Cir. 9/22/99), 743 So.2d 810, 812, *writ denied*, 99-3558 (La. 2/11/00), 754 So.2d 945. When the trial court's decision is based on an erroneous application of law, its decision is not entitled to deference on review. *Greene v. Greene*, 19-37 (La. App. 5 Cir. 12/11/19), 286 So.3d 1103, 1120. If the trial court makes a reversible error of law, the reviewing court must examine the record *de novo* for the facts and render judgment on the merits. *Id*.

Contempt proceedings may be either civil or criminal in nature depending on the court's purpose when imposing the sentence. *Id*. If the purpose of the court is to force compliance with an order, the contempt proceeding is a civil matter, but if the purpose is to punish the disobedience of a court order, the proceeding is criminal. *Id*. In criminal contempt proceedings, the sentence is punitive, to vindicate the authority of the court, rather than remedial and for the benefit of the complainant. *Id*. Different standards are applied in civil and criminal contempt proceedings. The applicable burden of proof is a question of law. *Id*.

A review of the Rule to Show Cause, the hearing transcript, and the judgment indicate that the trial court's purpose was to punish Mr. Szeto rather than compel compliance with an order. Indeed, the record does not show that the trial court ordered, either in writing or in open court, Mr. Szeto to withdraw the Notice

of Intent, to return the original documents, or to report to Division "M" chambers. The court's intention to punish is clear as well from the trial court's failure to offer Mr. Szeto any alternative to the court's punishment or means by which he could have come into compliance. *See Clark v. G.B. Cooley Serv.*, 35,675 (La. App. 2 Cir. 4/5/02), 813 So.2d 1273, 1283 ("When a determinate sentence is rendered without setting conditions for the contemnor to avoid the sentence imposed or purge himself from it, the punishment is criminal in nature and cannot be imposed unless constitutional protections are applied in the contempt proceeding.") Particular evidence of this may be seen in the trial court's written reasons for judgment where the court states:

> … Mr. Szeto's refusal to voluntarily withdraw the Notice of Intent is constructive contempt of court. Whether or not Mr. Szeto had technical issues receiving this Division's courtesy phone calls does not negate his responsibility, as an attorney, to withdraw an erroneously filed Notice of Intent. Mr. Szeto's statement that the notice of intent was withdrawn disingenuous [sic]. Mr. Szeto's letter requesting to withdraw the Notice of Intent was filed only after this court's Motion for Constructive Contempt was filed.

Under this logic, there is apparently no corrective measure Mr. Szeto could have taken following the trial court's Rule to Show Cause that could have brought him into compliance or that would not have been viewed as "disingenuous" by the trial court. Also of concern, such statements appear to indicate that the trial court had already made its determination to find Mr. Szeto in constructive contempt of court for failing to withdraw the Notice of Intent when the court's Rule to Show Cause was issued on October 25, 2021, rather than following the December 1, 2022 hearing on the matter.

It is also clear from the written reasons for judgment that the trial court applied the standard of proof applicable to a civil contempt proceeding while conducting a hearing on criminal contempt, as is evidenced by the court's statement that "[t]he burden of proof for civil contempt is a preponderance of the

evidence." This standard is inapplicable in criminal contempt proceedings where the court seeks to punish a person for disobeying a court order, rather than civil contempt proceedings where the court seeks to force a person in compliance with an order. *See Dazet Mortgage Sols. LLC v. Faia*, 12-486 (La. App. 5 Cir. 4/10/13), 116 So.3d 711, 717, *writ denied*, 13-1046 (La. 6/21/13), 118 So.3d 1095. Criminal contempt is a crime, and the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal proceeding against conviction of a crime except upon proof beyond a reasonable doubt of every fact necessary to constitute the contempt charge. *Dauphine v. Carencro High Sch.*, 02-05 (La. 4/21/03), 843 So.2d 1096, 1108. We find that the trial court legally erred in applying the incorrect burden of proof in these contempt proceedings.

The trial court also appears to have legally erred in conflating the attorney's obligation to certify truthful filings under La. C.C.P. art. 863 and the court's constructive contempt powers under La. C.C.P. art. 224(4). It is undisputed that Mr. Szeto falsely certified a Notice of Intent stating that an action had been taken in the *Joseph* matter for which he sought supervisory review. While the court claims this is a violation of La. C.C.P. art. 863, in its written reasons for judgment, it does not apply the legal standard for Article 863.[2]

Under La. C.C.P. art. 863, attorneys have an affirmative duty to make an objectively reasonable inquiry into the facts and the law. In determining whether an attorney has breached that affirmative duty, the trial court should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was submitted. *Marks v. Marks*, 21-741 (La. App. 5 Cir. 9/28/22), 2022 WL 4491510. In determining whether sanctions are appropriate under La. C.C.P.

---

[2] The court does cite La. C.C.P. art. 224(4) in support of its finding that Mr. Szeto intentionally deceived the court by filing the Notice of Intent in the *Joseph* matter. How such an erroneous filing could deceive the court is unclear, considering that such a deception could only be accomplished in a court that was unaware of the matters it had or had not called and ruled upon.

art. 863, the court should consider the following factors to evaluate whether a litigant and his counsel made the required reasonable factual inquiry before signing: (1) the time available to the signor for investigation; (2) the extent of the attorney's reliance on the client for factual support for the document; (3) the feasibility of a prefiling investigation; (4) whether the signing attorney accepted the case from another attorney; (5) the complexity of the factual and legal issues; and (6) the extent to which development of the factual circumstances underlying the claim requires discovery. *Id.* The trial court makes no mention of any of these factors in its written reasons for judgment, nor is there any other indication in the record that the court considered any of these factors or made an objective inquiry into what was reasonable for the attorney to believe at the time the pleading was submitted. This failure to apply the correct standard constitutes legal error.

The trial court additionally erred in finding Mr. Szeto in violation of La. C.C.P. art. 863 by failing to file its own motion or otherwise place him on notice that it was conducting an Article 863 inquiry and was considering imposing sanctions for his violation of the article. Article 863 states in pertinent part:

> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

> E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

This Court has previously held that this language and due process require that a party be given reasonable notice of an Article 863 hearing at which sanctions are to be considered. *Alombro v. Alfortish*, 02-1081 (La. App. 5 Cir. 4/29/03), 845 So.2d 1162, 1169, *writ denied*, 03-1947 (La. 10/31/03), 857 So.2d 486. A review of the trial court's Rule to Show Cause indicates that the court at that time made no

reference whatsoever to La. C.C.P. art. 863 or that it was considering the imposition of sanctions pursuant to that article.  Instead, the trial court appears to have raised the issue of a possible violation of La. C.C.P. art. 863 for the first time *sua sponte* at the hearing on constructive contempt.  Such an action is inconsistent with the notice requirements of Article 863 and constitutes legal error.

On appellate review of criminal contempt proceedings, the reviewing court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that every element of the contempt charge was proved beyond a reasonable doubt.  *Dauphine*, 843 So.2d at 1108.  Willful disobedience of a court order requires a consciousness of the duty to obey the order and an intent to disregard that duty.  *Id.*  Upon *de novo* review of the record before us, we find that the evidence is insufficient for a rational trier of fact to conclude that Mr. Szeto willfully disobeyed orders of the trial court.

**DECREE**

For the foregoing reasons, the judgment of December 2, 2021, holding Mr. Szeto in contempt of court, is vacated.

**<u>JUDGMENT VACATED;</u>**
**<u>MATTER REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 21, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-65

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
DREW D. LYONS (APPELLEE)          MARY C. CALI (APPELLEE)          WILLIAM J. WILSON (APPELLEE)
IAN DUNBAR (APPELLANT)            CHRISTOPHER H. SZETO (APPELLEE)

**MAILED**
HUNTER FARRAR (APPELLEE)
JOHN C. CONINE, JR. (APPELLEE)
JOHN C. WALSH (APPELLEE)
ATTORNEYS AT LAW
POST OFFICE DRAWER 4425
BATON ROUGE, LA 70821